## NOEL and another *against* MURRAY.

The acceptance by a creditor from his debtor of a bill or note made by a third person on account of the debt, does not satisfy it unless the parties agreed that it should be received as payment.

*168]   *Where the note or bill is received on a precedent debt, the presumption is that it was not taken as a payment, and the *onus* of establishing that it was agreed to be so taken is upon the debtor.

But where it is received cotemporaneously with the contracting of the debt, the presumption is that it was agreed to be taken in payment, and the burden of proving the contrary rests on the creditor.[1]

Noel *v.* Murray, 1 Duer 385, affirmed.

ACTION in the New-York superior court to recover the price of looking-glass plates, sold and delivered to the plaintiff. The cause was tried before Mr. Justice Paine and a jury.

The plaintiffs proved that the defendant ordered the plates on the 8th of October, 1850; that on the 10th, a person who was to frame them for the defendant called by the direction of the latter at the plaintiffs' store and measured them; that they were delivered on and after the 12th of October; and that they amounted to $1027, of which $38.33 were paid on the 12th of October, leaving $988.67 unpaid.

The counsel for the defendant read in evidence the bill rendered by the plaintiffs which was dated October 10th, 1850, and specified the size and prices of the plates, and at the bottom of which was a receipt signed by the plaintiffs which was also read in evidence, and was as follows:

"New-York, Oct. 12, 1850.

"Received from John B. Murray, Messrs. J. Howard & Son's note, at 6 mos. from 17th Sept., for $988.67 and $38.23 in full for the above bill.

"$1027.                    NOEL & DE COURCY."

The defendant also proved that on the plaintiffs' books he was charged with the amount of the plates, and credited with the cash and the amount of Howard & Son's note.

---

[1] See *Shaw* v. *Republic Life Insurance Co.*, 69 N. Y. 286.

The plaintiffs then produced the note of Howard & Son, mentioned in the receipt, which it was admitted had not been paid, and which became due before the commencement of the suit, and offered to surrender it to the defendant.

*The counsel for the plaintiffs requested the court [*169 to rule and decide, that the taking of the note of Howard & Son was not in payment or satisfaction of the plaintiffs' demand for the plates, and also that there was no sufficient evidence that the plaintiffs agreed to take this note in payment or satisfaction for the merchandise sold. The court declined to so rule, and submitted the case to the jury, charging them, that if, from the evidence, they found that it was a part of the agreement between the parties at the time of the sale and delivery of the plates that the note should be received in payment, they should find a verdict in favor of the defendant. The counsel for the plaintiffs duly excepted to the refusal of the court to rule as requested, and to the charge as given. The jury rendered a verdict in favor of the defendant. The plaintiffs tendered a bill of exceptions, and after judgment by the superior court at a general term, in favor of the defendant, appealed to this court. (The cause was heard in the superior court on a case, and the decision of that court is reported in 1 *Duer*, 385.)

*George C. Goddard*, for the appellants.

*Henry Day*, for the respondent.

MARVIN, J.   It may be conceded that the acceptance of the note of a third person by the creditor from his debtor does not operate as a satisfaction of the precedent debt, unless it be shown that such at the time was the agreement of the parties. The difficulties in the application of this rule have generally been found to be in determining what evidence was sufficient to establish the fact of the agreement, or to justify submitting the evidence to the jury as raising a question of fact for their determination. (*See*

*Waydell* v. *Luer*, 3 *Den.*, 410, *and cases cited by Lott, Senator;* *Breed* v. *Cook*, 15 *J. R.*, 241; *Whitbeck* v. *Van Ness*, 11 *J. R.*, 409; *Arnold* v. *Camp*, 12 *J. R.*, 409.) The *onus* of *showing that the note or bill was taken by the creditor in payment or satisfaction of the precedent debt is upon the debtor. In the present case, the plaintiffs' counsel insists that the sale of the looking-glass plates was complete on the 10th of October; that at that time the defendant became and was the debtor to the plaintiffs for the $1027, and that upon the 12th of October, he paid a small sum in money upon the account, and delivered the note made and endorsed by J. Howard & Son; and he claims that there was no evidence tending to show an agreement between the parties that such note should be received by the plaintiffs in payment of the balance of the account. . In short, that the evidence did not justify a submission of this question to the jury.

Without here stopping to consider the sufficiency of the evidence to fairly raise the question of fact, whether the note was by the agreement of the parties taken as payment, I think the counsel is mistaken as to there being any debt on the 10th October. There was no valid binding contract between the parties until the 12th October, when some of the plates, and the bill of them, were delivered, and when the note was delivered and the balance paid in money. The defendant called and ordered the plates on the 8th. He sent the man who was to make frames for them to measure them on the 10th. They were measured on that day, and the bill, bearing date that day, made out. On the 12th, the defendant called and settled the bill, and a portion of the plates were actually delivered on that day; and others remained with the plaintiffs until they were wanted. When was the sale completed? When did the title pass? There is no evidence that credit was to be given. The whole proceeding was conducted in the ordinary way of cash sales. The bargain to purchase was probably made on the 8th, or say the 10th when the plates were measured and

Noel *against* Murray.

the bill bears date; but there is no evidence whatever of any agreement or understanding that the plaintiffs should deliver *the plates until they had received the pay for them. [*171 The fair construction of the evidence, including what is said in the pleadings, is that the plaintiffs were not to part with the title to their property until the matter of payment had been arranged. The sale was not completed so as to pass the title unti'. the matter of payment was arranged; and that was at the time the note was delivered and the money paid. The sale and delivery and payment were to be simultaneous acts. Thus understood, there was no precedent debt; and the case comes under the rule, that when, at the time of the sale and delivery of goods, the vendor receives from the vendee the note of a third person for the price, the presumption is, that he takes it in payment. (*Whitbeck* v. *Van Ness*, 11 *J. R.*, 409 ; 3 *Cow.*, 280 ; 15 *J. R.*, 241.)

In this view of the case, it is quite unnecessary to refer to the statute of frauds. But by the statute, whatever agreement the parties may have made in relation to the sale of the goods on the 8th or 10th of October, was void, as the value exceeded $50, and there was no note or memorandum in writing, and no part of the consideration was paid, or any part of the goods accepted. (2 *R. S.*, 136.) The plaintiffs' counsel argues that there was a delivery and acceptance at the time the plates were measured for the frames, on the 10th October. In this, as I have already said, I think he is mistaken. Nothing occurred which could divest the plaintiffs of their title and vest it in the defendant. (3 *Barn. & Ald.*, 680 ; *id.*, 321; 5 *id.*, 855.)

The plaintiffs have no cause to complain of the charge. The question was put to the jury to say whether it was a part of the agreement at the time of the sale and delivery of the goods, that the note was to be taken and received in payment. There was certainly evidence tending to show that such was the agreement between the parties. Aside from the

Noel *against* Murray.

receipt, there was evidence tending to show this. As we have seen, if there was no acceptance, and acceptance implies a *delivery, until the payment was made, then the presumption was that the note was taken in payment. If there was an acceptance prior to the time of payment, then the receipt of the note and money " *in full* for the above bill " was evidence unexplained of the taking of the note in payment. There was no evidence to explain the receipt and other circumstances, tending to show that the note was taken as payment for the goods.

The judgment should be affirmed.

DEAN, J. It is well settled, both on authority and principle, that the acceptance by the creditor, of the note of a third person for an antecedent debt, is no extinguishment of the debt, unless it is shown that there was an agreement between the parties that it should operate as an extinguishment; and that in such case, the *onus* is upon the party seeking to set it up as a payment. But where there is no debt existing between the parties, and the one delivers to the other property and receives in return the note of a third person in full or part payment, and gives a receipt saying that it is received in full or part payment, the presumption is that it was so received, and the *onus* is then upon the party receiving such note to show the contrary.

In the case at bar, the price of the goods being more than $50, and as there was no payment, memorandum in writing or part delivery until the 12th October, there was no debt until that time; consequently the case is one where the creation of the debt and the receipt of the note were cotemporaneous acts. And the whole question was left fairly to the jury. They have found that the note was received in payment and their verdict is conclusive.

The judgment should be affirmed.

Judgment accordingly.