## NEW YORK SUPERIOR COURT.

### ALEXANDER MEECH agt. KELLOGG H. LOOMIS.

The release of a defendant from *arrest* by the consent of the plaintiff's attorney, does not *per se*, operate as a discharge of the order of arrest. And the defendant is thereafter liable to arrest on *final process* where the judgment warrants it. *It seems* that if the order of arrest had been *vacated*, the defendant could not again be arrested upon final process.

*Special Term, July*, 1862.

MOTION by defendant to set aside an execution issued against his person.

MONELL, J. After the defendant had been arrested under an order of arrest in this action, and while in the custody of the sheriff, he transferred to the plaintiff's attorney certain articles of personal property, which it was agreed should be held "as security for payment by said defendant of the amount claimed in said suit, and defendant to be released from arrest." Whereupon the defendant was dis-

charged from custody. It is averred in the moving affidavits that *by reason of such consent* the order of arrest became vacated before the entry of judgment. No vacatur of the order by a judge of this court appears to have been made, and the most that can be claimed is that the consent of the plaintiff's attorney, releasing the defendant from arrest, *operated* as a discharge of the order.

Subsequently the plaintiff obtained judgment for the amount claimed in his complaint. The complaint alleged facts showing that the debt had been fraudulently contracted by the defendant, and the judgment so adjudged. Upon a return unsatisfied of an execution against the property of the defendant, an execution against his person was issued, and he was arrested.

A motion is now made to set aside this last execution, on the ground that the defendant having been discharged from arrest upon the order of arrest, cannot be arrested upon an execution issued upon a judgment in the action. Had the order of arrest been *vacated*, it might be a question whether an execution could issue against the person of the defendant. The consent to release the defendant from arrest did not operate as a vacatur or discharge of the order of arrest. At most I think it is to be regarded in the light of a voluntary escape, or like the entry of common bail under the old practice. I do not understand that in such cases under the former practice the defendant could not be arrested upon final process. A discharge, or an escape, voluntary or otherwise, from arrest upon *mesne* process, never precluded a subsequent arrest upon final process.

Had the order of arrest been discharged, it might be as if no order had been granted, and in that case I think an execution against the person could not be issued. The allegation of fraud in the complaint in an action of this kind, would not of itself authorize the execution. The counsel for the moving party has not furnished me with.

any citations to authority for his motion, nor can I upon an examination of the books find any. Upon principle I see no reason·for setting aside the execution.

The motion must be denied with costs.

———◦◦———

## SUPREME COURT.