ORATIO S. CLAFLIN et al., Respondents, *v.* ANTHONY P. OSTROM, Appellant.

A guaranty goes with the principal obligation, and is enforceable by the same persons who can enforce that.

H. and O., being partners, H. sold out his interest in the firm property to O., who agreed to pay the firm debts, among them a debt due plaintiffs. Defendant guaranteed the performance of this agreement. Plaintiffs' debt not having been paid, H. assigned to them his interest and claim under the agreement and the guaranty. In an action to recover the amount due plaintiffs, *held*, that plaintiffs were entitled to recover either directly on the guaranty, which they could adopt and enforce in their own names, or upon the assignments.

Prior to the dissolution of the firm, plaintiffs had recovered judgment against the members thereof, and execution had been issued and levied upon sufficient of the firm property to satisfy the debt. Pending the

negotiation for the dissolution, O. paid plaintiffs a small sum to apply on the judgment, and gave his individual note, payable one day after date, for the balance. This note was not received in payment or discharge of the firm debt. After the dissolution, and the execution of the agreement and guaranty above stated, plaintiffs, relying thereon, released their levy and canceled the judgment. Plaintiffs subsequently recovered judgment upon the note of O., which remains unpaid. *Held*, that by none of these acts was the firm debt paid or extinguished, nor was plaintiffs' right to recover on the guaranty affected thereby.

Where a creditor takes from his debtor the note of a third person under such circumstances, he may use all lawful means to procure payment of the note by judgment and execution, or otherwise; and if, in the end, he fails to procure or to enforce payment, his claim against the original debtor remains and can be enforced.

(Argued September 22, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of the plaintiffs entered upon the report of a referee.

This action was brought to recover the amount of a debt due the plaintiffs from the firm of S. C. Hanford & Co.

The facts appear sufficiently in the opinion.

*Samuel Hand* for the appellant. Defendant's agreement "that he would guarantee the debts," not being in writing, was void. (*Mallory* v. *Gillett*, 21 N. Y., 412, and cases cited; *Brown* v. *Webster*, 38 id., 187.) The release of the levy did not validate it. (*Duffy* v. *Wunsch*, 42 N. Y., 243.) Plaintiffs' claim having been put in judgment and they having accepted Charles Ostrom's note as payment, the demand was extinguished. (*Beers* v. *Hendrickson*, 45 N. Y., 670; *Arnold* v. *Camp*, 12 J. R., 409; *Whetherby* v. *Mann*, 11 id., 518; *Waydell* v. *Luer*, 3 Den., 410; *Livingston* v. *Radcliff*, 6 Barb., 201; *N. Y. State Bk.* v. *Fletcher*, 5 Wend., 85.) The original claim was merged in the judgment and that constituted plaintiffs' only claim. (*Robertson* v. *Smith*, 8 J. R., 459; *Olmstead* v. *Webster*, 8 N. Y., 413; *Suydam* v. *Barber*, 18 id., 468; *Averill* v. *Loucks*, 6 Barb., 19, 25.) Plaintiffs have no further claim against Hanford. (*Weston* v. *Clark*, 37 Mo., 568; *Ex parte Roxby*, 1 Mont., 203; *Peters* v. *Sanford*, 1 Den., 224; *Benson* v. *Paine*, 17 How.

Pr., 407; *Nicholas* v.. *Burton*, 5 Bush. [Ky.], 320; *Ward* v. *Johnson*, 13 Mass., 148; *Smith* v. *Black*, 9 S. R., 142; *Sweet* v. *Brackley*, 53 Me., 341; *Trafton* v. *U. S.*, 3 Story, 646.) Plaintiffs cannot recover upon defendant's agreement as a promise made for their benefit. (*Barker* v. *Bucklin*, 2 Den., 45; *Lawrence* v. *Fox*, 20 N. Y., 268; *Turk* v. *Ridge*, 41 id., 201; *Garnsey* v. *Rogers*, 47 id., 240.)

*Wm. P. Chambers* for the respondents. It was necessary for defendant to show affirmatively that plaintiffs agreed to take Charles Ostrom's note as payment of the partnership indebtedness. The presumption is that it was not so taken. (*N. Y. State Bk.* v. *Fletcher*, 5 Wend., 85; *Vail* v. *Foster*, 4 Comst., 312; *Waydell* v. *Luer*, 3 Den., 410; *Bates* v. *Rosecrans*, 37 N. Y., 409; *Russell* v. *Poineer*, id., 312; *Turner* v. *Bk. Fox Lake*, 3 Keyes, 425; 2 Trans. App., 344.) Defendant, as guarantor, was estopped from denying the facts admitted in the agreement itself. (*Mann* v. *Eckford*, 15 Wend., 502.) Charles Ostrom's promise to pay the debt due plaintiffs, was in law a promise to pay plaintiffs themselves, upon which they can maintain this action. (*Barker* v. *Buckelin*, 2 Den., 45; *Lawrence* v. *Fox*, 20 N. Y., 268; *Burr* v. *Beers*, 24 id., 178; *Barker* v. *Bradley*, 42 id., 316; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 id., 346; *Secor* v. *Lord*, 3 Keyes, 525.) This is so, whether such promise was under seal or not. (*Coster* v. *Mayor*, 43 N. Y., 411.)

EARL, C. Prior to the 13th day of March, 1867, Thomas C. Hanford and Charles Ostrom were partners under the firm name of T. C. Hanford & Co., and they owed the plaintiffs upward of $1,200.

On that day they entered into a written agreement for a dissolution of the firm. Hanford assigned all his interest in the firm property to his partner, Ostrom, and the latter agreed to pay the firm debts mentioned in the agreement; and among those mentioned was the debt of the plaintiffs. The defendant, at the same time and upon the same paper, executed a written guaranty to the said Hanford, that Charles

Ostrom would perform all the conditions and covenants which were to be performed by him under the agreement. The debt due the plaintiffs not having been paid, they commenced this action, having first taken an assignment from Hanford of all his interest in and claim under the agreement of Charles Ostrom, and the guaranty therein of the defendant. The referee sustained plaintiffs' right to recover upon the assignment to them by Hanford, as well as directly upon the guaranty by the defendant of the performance by Charles Ostrom of his promise to pay plaintiffs' debt; and if the recovery can be sustained upon either ground, I am of opinion that it can be upon both.

In consideration of the transfer of the firm property to Charles Ostrom he agreed to pay the firm debt to the plaintiffs; and this agreement, made for their benefit, the plaintiffs could adopt and enforce in their own names, within the principles laid down in the following cases : *Lawrence* v. *Fox* (20 N. Y., 268); *Burr* v. *Beers* (24 id., 178); *Thorp* v. *Keokuk Coal Co.* (48 id., 253). Within the same principles, the plaintiffs could bring suit directly against the defendant, who had guaranteed that Charles Ostrom should pay plaintiffs' debt. This guaranty must go with the principal obligation, and be enforceable by the same persons who could enforce that. So, too, Charles Ostrom, having failed to pay the plaintiffs' debt, committed a breach of his covenant with Hanford, which gave the latter a cause of action against him and also against the defendant, his surety, and this cause of action he assigned to the plaintiffs. Hence, in either or both aspects, the plaintiffs' right to recover was, upon facts thus far stated, quite clear; and it only remains to be inquired whether certain other facts which appeared upon the trial ought to have defeated the recovery.

On the 26th day of February, 1867, the plaintiffs recovered judgment upon their debt against T. C. Hanford & Co., and the following day a levy was made upon sufficient property of the firm to pay the judgment. After this, negotiations for the dissolution of the firm were com-

menced, which resulted in the written agreement and guaranty which were executed March thirteenth. Pending these negotiations, and on the ninth day of March, Charles Ostrom paid plaintiffs a small sum to apply upon their judgment, and gave them his individual note, payable one day after date, for the balance. After the guaranty was executed, the plaintiffs, relying upon that, at the request of Charles Ostrom and the defendant, released their levy and subsequently canceled the judgment. The formal satisfaction of this judgment did not pay or extinguish the firm debt; such was not the intention of the parties. The judgment was a firm debt on the thirteenth day of March, and the plaintiffs, relying upon the agreement and guaranty that day executed, at the request of Charles Ostrom and the defendant, released their levy and canceled their judgment. By this act of cancellation the firm debt was not paid, and it was not intended by the parties that it should in any way be extinguished. Aside from payment, there were only two ways to discharge the firm debt; one was by a technical release under seal executed with the intent to discharge the debt. Here there was no such release. The other was to discharge the firm debt by substituting some new agreement or obligation, by the consent of the parties, in the place of the firm debt, thus producing what in the civil law would be called a *novation*. Here there was no such substitution, unless it was by the individual note of Charles Ostrom. This note was given on the ninth day of March. The referee has found upon abundant evidence that this note was not given in payment or discharge of the firm debt then in judgment. It is well settled that the individual note of one of two joint debtors or partners will not operate as payment of the joint or partnership debt, unless expressly received as payment. The individual note thus given is treated the same as if a debtor should turn out to his creditor the note of a third person. (*New York State Bank* v. *Fletcher*, 5 Wend., 85; *Waydell* v. *Luer*, 3 Denio, 410; *Bates* v. *Rosekrans*, 37 N. Y., 409.) This note was, then, received as conditional payment, to ope-

rate as payment when paid. The fact that it was subsequently put into judgment by the plaintiffs, which remains unpaid, can make no difference. In all cases where a creditor takes from his debtor the note of a third person, under such circumstances, he may use all lawful means to procure payment of the note by judgment and execution, or otherwise; but if in the end he fails to procure or enforce payment of the note, his claim against his original debtor remains, and can be enforced. I can, therefore, perceive no reason to doubt that the conclusion of the referee was right, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.