By the Court.—Freedman, J.
Upon the question whether the goods in suit were sold by plaintiff to Guilfoyle or to the defendant, the evidence was sufficient to carry the case to the jury, and consequently it would have been error to dismiss the complaint, or to direct a verdict for the defendant. The receipt and note were open to explanation (Buswell v. Poineer, 37 N. Y. 312; Ryan v. Ward, 48 Id. 204; Trull v. Barkley, 11 Hun, 644; Churchill v. Bradley, 43 N. Y. Superior Ct. R. [11 J. & S.] 170).
ISTo complaint is made of the manner in which the question to whom the sale was made was left to the *339 jury, and none of the exceptions presented by the record touch this point. The verdict must therefore be treated as conclusive upon this branch of the case.
The remaining questions arise upon the assignment of thirty per cent, of the moneys to be received under the contract, which the defendant as assignee of the contract executed and delivered to the plaintiff. Plaintiff claimed to have taken the said assignment as collateral security only, while the defendant insisted that it was taken in payment. This question was also left to the jury, and they were instructed to render a verdict for the defendant, in case they found that the plaintiff took it as payment. Of this disposition, the defendant has no right to complain; for even if the assignment be treated exclusively as a transfer of the obligation of a third person, which is the theory most favorable to the defendant, it could only be deemed to have been accepted in payment and satisfaction, if it had been given at the time of the sale of the goods (Whitbeck v. Van Ness, 11 Johns. Ch. 409 ; Breed v. Cook, 15 Id. 241).
But as there was no dispute as to the fact that the assignment was made after the sale, the presumption was that it was not taken in payment and satisfaction of the precedent debt, and the onus of establishing that by the agreement of the parties it was so received, was upon the defendant (Noel v. Murray, 13 N. Y. 167; Vail v. Forster, 4 Id. 312; Gibson v. Tobey, 46 Id. 637; Turner v. Bank of Fox Lake, 3 Keyes, 425 ; Flower v. Lance, 59 N. Y. 603 [608]).
The defendant failed to show any such agreement, and the testimony on the part of the plaintiff showed that the assignment was received as collateral security merely. Under these circumstances, the defendant was not entitled to have the jury instructed that the acceptance of 'the assignment was a payment pro tamo, unless specially agreed otherwise, and the submission *340 of the whole question to the jury with the express instruction that if they found an absolute assignment, they were bound for that reason alone to render a verdict for the defendant, was certainly all, if nót more, which the defendant could ask.
The judgment and order should be affirmed with costs.
Speib, J., concurred.