SAMUEL W. PEASE, Respondent, *against* ALBERT TILT, SURVIVOR, &c., Appellant.

(Decided April 5th, 1880.)

Where, under a judgment upon a promissory note against the makers, an execution has been levied upon their property, the release of such levy operates to release the indorsers, if such levy was sufficient to satisfy the judgment ; or if not sufficient, the indorsers are released to the extent of the value of the property levied upon. But in a subsequent action on the note against the indorsers, evidence of such facts is not admissible unless pleaded as a defense ; and if such evidence is improperly admitted, although not relevant to any issue raised by the pleadings, and against the plaintiff's objection, the failure of the judge to submit any question arising upon it to the jury is not erroneous; especially where no request is made for the submission of such question, and where the evidence does not show the value of the property levied on, nor to what extent the levy would operate to discharge the indorsers.

APPEAL from a judgment of this court entered upon

the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought upon two promissory notes made by Brownson, Brothers & Co., of Chicago, Illinois, to their own order, indorsed by defendant's firm, B. B. Tilt & Son, of New York. One note was dated October 22, 1875, for $1,427.33, at four months; the other November 3, 1875, for $1,003.21, at four months. These notes were delivered by the makers to B. B. Tilt & Son, in payment for goods; the latter indorsed and procured them to be discounted by the National Park Bank of New York city. The notes were not paid at maturity, and were duly protested, and notice given to defendants. The bank commenced an action in the United States circuit court for the northern district of Illinois, against the makers, Brownson, Brothers & Co., upon the notes, and recovered judgment for the amount. Execution was issued and levied on the stock-in-trade of the makers, on December 4, 1876. The next day the plaintiff in this action, Samuel W. Pease, paid the attorney of the bank the face of the notes and the interest to that date, and received the notes. At the same time the attorney of the bank signed a stipulation consenting that the judgment be vacated and the suit dismissed of record, and went with the attorney of the makers to the marshal's office, and ordered the execution recalled.

The defense set up in the answer in this action was that: 1. The notes were merged in the judgment against the maker. 2. The judgment had been paid, and the makers of the notes and the plaintiff herein had conspired to defraud defendants by pretending that the notes had not been paid, and that the plaintiff was the lawful owner and holder, which was not the fact.

Benjamin B. Tilt, one of the survivors, died pending the action, and the cause was continued against the other defendant, Albert Tilt, as survivor.

Upon the trial the jury found for the plaintiff, and a motion by the defendant for a new trial was denied, and judgment for

the plaintiff was entered on the verdict. From the judgment and the order denying a new trial the defendant appealed.

*Wm. Hildreth Field,* for appellant.

*Carter & Eaton* and *W. B. Hornblower,* for respondent.

VAN HOESEN, J.—The answer set up that a judgment upon the notes in suit had been recovered against the makers before the present action was brought against the defendants, who are the indorsers, and that the notes were merged in that judgment, which had been paid by the attorneys for the makers of the notes, who then conspired with the said makers and the plaintiff in the action to defraud the defendants by pretending that the notes had not been paid, but that the plaintiff had become the lawful owner of them. The jury found that the defense was not established, and rendered a verdict for the plaintiff.

An attempt is now made to reverse the judgment, on the ground of error in the instructions of the judge to the jury. Certain testimony was given that an execution had been issued on the judgment recovered against the makers, and that under that execution a levy had been made, which was afterwards withdrawn, by and with the sanction of the plaintiff.

That testimony was objected to by the plaintiff as immaterial and incompetent, objection being made both before and after the testimony was received, and exceptions were duly taken by the plaintiff. The testimony did not bear upon any issue raised by the pleadings, and the plaintiff having duly objected to its admission, we cannot assume that the parties voluntarily consented to try an issue relevant to the merits of the case, though not within the issues embraced by the record (*Williams* v. *Mechanics', &c. Fire Ins. Co.,* 54 N. Y. 581; *New York Cent. Ins. Co.* v. *National, &c. Ins. Co.,* 14 N. Y. 85; *Williams* v. *People's Fire Ins. Co.,* 57 N. Y. 274). The defendants did not, at the trial, claim any benefit from the testimony in question. They did not ask the court to hold that the withdrawal of a levy made upon the property of the makers released the indorsers from liability to the extent of the value of the property given up, nor was any

reference made by the defendants' counsel to the fact that a levy had been made, and afterwards withdrawn. The defendants rested their case solely upon the grounds that the notes were merged in the judgment against the makers, that the notes, after they had been protested, were merely assignable, and not negotiable, and that the holder of the notes who had recovered judgment upon them against the makers could not convey a title to the notes, because the money paid for the purchase of them necessarily operated as a payment of the notes. Upon this appeal, a new defense is presented, viz. : that the withdrawal of the levy upon the property of the makers was a discharge *pro tanto* of the defendants, who were indorsers.

It is said that the court erred in not leaving to the jury some question—I have not been able to ascertain what—concerning the levy and the withdrawal of it. There could not have been any question to submit to the jury. If the withdrawal of the levy released the defendants, that was a pure matter of law. If the extent to which they had been released was to be passed upon, there was no evidence as to the value of the property levied on. There was nothing, therefore, respecting the withdrawal of the levy that could properly have been left to the jury. It is further said that the court erred in charging the jury as follows: " The owner of the judgment against Brownson Brothers had a perfect right to set the same aside, or to open the judgment and discontinue the suit, and by so doing he did not in any way release or impair his right to sue the indorsers."

It may properly be added that the judge was not requested to submit to the jury any question relating to the levy ; and furthermore, as the levy was not relevant to any issue, and was duly objected to, it would have been error in the judge to submit any question arising upon it to the jury. Moreover, the charge was correct. The law is that the creditor is not bound to take active measures to enforce the payment of a debt, and may, therefore, stop short in those he has taken, even when their further prosecution would have been successful. He may consent to open a judg-

ment. He cannot, however, release a levy once made. An execution may be countermanded before levy made, but if, after levy, it be withdrawn, a surety is discharged to the extent of the value of the property released (2 Leading Cases in Equity, part 2, pp. 373, 374).

Even if the defendants had been entitled to the benefit of the testimony, it was too vague to warrant a verdict in their favor. It was their duty to show to what extent they had been released, and the only evidence on that subject was " There was not much to levy on, Brownson Brothers' stock being largely reduced, and a good portion of what was there claiming to be held on commission" (Daniell on Negotiable Instruments, § 1311 ; *Per Lee* v. *Onderdonk,* 19 Barb. 562).

The charge was correct, and the judgment and the order appealed from should be affirmed, with costs.

CHARLES P. DALY, Chief Justice.—It would undoubtedly have been a defense to the indorsers, that a levy under the judgment against the makers, sufficient to satisfy the judgment, had been released ; or, if not sufficient to satisfy it, the indorsers would have been released to the extent of the value of the property levied upon. But no such defense was pleaded ; and the evidence in respect to the levy was therefore inadmissible, if objected to. It was objected to, and admitted under the plaintiff's exception. The objection was made to the whole deposition, because parts of it were irrelevant and immaterial ; and because what was irrelevant and immaterial was so interwoven with the rest of the narrative as to be inseparable from it. This was the fact; and the plaintiff was not answerable for the deprivation of the material evidence in it, if the defendants saw fit to have the testimony taken in that way ; and could not be deprived of the right to object to what was incompetent, because it could not be distinctly severed from the rest of the testimony.

The testimony, moreover, did not show that the value of the property levied upon was sufficient to discharge the judgment, or even to what extent the levy would operate to discharge the indorsers; the testimony being that there was not

much to levy upon, as the stock was greatly reduced; which was simply that the property levied on was of some value; but of what value, did not appear; and it was upon the defendants to show—if the defense was admissible—the extent to which they were released, by proving the value of the stock that had been levied upon, if it was of less value than the amount of the judgment; or that it was sufficient to satisfy the judgment.

But, as Judge VAN HOESEN has said, the testimony was erroneously admitted under the pleadings; and it would have been giving full effect to it, and even more than it was entitled to, if the judge had charged the jury, that the release of the levy operated to discharge the indorsers. The defendants certainly did not so regard it; for they did not request the judge so to charge, although they asked for the dismissal of the complaint upon five distinct grounds.

The testimony relative to the levy, being inadmissible under the pleadings, and having been erroneously admitted under the plaintiff's exception, no motion could have been entertained at the close of the case, to conform the pleadings to this evidence; nor could we, in such a case, do so, upon appeal. It is done only where testimony, inadmissible under the pleadings, has been allowed to be given without objection. The levy, therefore, cannot be considered as a fact in the case, for any purpose; and it would be wholly unwarrantable to grant a new trial for error in the instruction that the owner of the judgment had a right to open it and discontinue the suit, and did not, by so doing, release or impair his right to sue the indorsers, because, as Judge DALY holds, the judgment and *levy* was a security to the indorsers, against the makers, the benefit of which they were entitled to.

I therefore agree with Judge VAN HOESEN, that the judgment should be affirmed.

J. F. DALY, J., dissented.

Judgment and order affirmed, with costs.