·(109 App. Div. 440)

## FITCH et al. v. FRASER.

(Supreme Court, Appellate Division, Third Department.    November 15, 1905.)

CONTRIBUTION—JOINT DEBTORS—ACTION.

    Defendant being bound for her proportionate share on a note with plaintiffs as co-signers, plaintiffs, after making certain cash payments thereon, gave their individual notes for the balance, and the first note was surrendered to the makers. *Held*, that defendant could not complain that an action for contribution was premature because some of the individual notes had not been paid when the action was instituted.

    Parker, P. J., dissenting.

Appeal from Trial Term, Delaware County.

Action by Augustus S. Fitch and others against Tina B. Fraser for contribution as one of the makers of a note.    From a judgment for defendant, plaintiffs appeal.    Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Neish & Moore, for appellants.
Robert A. Fraser, for respondent.

SMITH, J.    The judgment appealed from was entered upon the second trial of this action.    Upon the first trial a similar judgment was directed, and upon an appeal therefrom this court reversed the judgment, and sent the case back for a new trial.    The facts are substantially stated in the record upon that appeal, which may be found in 84 App. Div. 119, 82 N. Y. Supp. 138.    These facts do not substantially differ as they appear upon the second trial.    There are a few variances, however, to which it may be well to refer.

The finding of the trial court that upon the giving of the note for $21,382 a guaranty held by the Delaware Loan & Trust Company was not surrendered is clearly against the weight of evidence.    The witness Fitch swears that the giving of that note was in settlement of all claims against White, Griswold & Co., and that the guaranty, which is called in the case the "second guaranty," was then and there surrendered to him by Mr. Honeywell, representing the Delaware Loan & Trust Company.    In support of that testimony is the production by Mr. Fitch of that guaranty, which could in no way be lawfully in his possession except by reason of such surrender.    In addition to that is the written receipt of Honeywell, representing the Delaware Loan & Trust Company, of this note "of $21,382, in full payment of all claims and demands against Messrs. White, Griswold & Co., agreeable to the resolution of the board of directors of the Delaware Loan & Trust Company."    That resolution is presented, which substantially authorizes the Delaware· Loan & Trust Company to settle and assign all claims and demands against White, Griswold & Co. for $21,382.    Opposed to this testimony is the uncertain speculation of Honeywell to the effect that he does not see why he should have surrendered the guaranty, and a lead pencil addition to the resolution of the board of directors, made by Honeywell some time after it had been recorded, to the effect that this note of $21,382 should be given and received as additional security, and that

it should not affect or prejudice in any way any obligation or security theretofore taken. As against the positive testimony of Fitch, reinforced by the possession of the "second guaranty," so called, still further reinforced by the receipt given by Honeywell at the time of the execution of the $21,382 note, a finding that that second guaranty was not surrendered at the time of the giving of the $21,382 note fails to give due effect to the written declarations of the parties.

The surrender of this second guaranty, however, is wholly unnecessary to establish a consideration for the defendant's undertaking. The liability of her testator, which must be satisfied from the residuum of his property, to which she was entitled, and the surrender by the Delaware Loan & Trust Company of personal property to White, Griswold & Co. would themselves furnish ample consideration for the defendant's undertaking.

Nor is there any force in defendant's claim that she was surety merely for her co-signers of this note. The testimony presented by the defendant herself as to the extent of her liability, which was stated to her at the time she signed the note, conclusively negatives the claim that she was a mere surety. Moreover, all the facts in the case show clearly an intention on her part to be bound for her proportionate share in the liability created by the note.

A further claim is made upon this trial that this note was not fully paid by the plaintiffs at the time of the commencement of this action, and therefore that the action is premature. This, in fact, is one of the grounds upon which the trial court has directed judgment for the defendant. Certain payments had been made upon the note, and prior to the commencement of this action these plaintiffs had, after making certain payments in cash, given their individual notes for the balance. These individual notes had not all matured at the commencement of the action, but have since matured and been paid. At the time when these individual notes were given, this $21,000 note was surrendered up. This defendant is no longer liable to the Delaware Loan & Trust Company thereupon. This would seem, as between these plaintiffs and this defendant, to constitute such a payment as would authorize them to sue for contribution. If this $21,000 note was in full settlement and adjustment of all claims against White, Griswold, & Co., and at the time of the giving of these individual notes this $21,000 note was itself surrendered up to the makers, the defendant could no longer be held liable to the Delaware Loan & Trust Company upon any of the debts of White, Griswold & Co., and she cannot be heard now to say that her obligation was not so far satisfied that this action was prematurely brought, although at the time of the commencement of the action some of these individual notes had not been paid.

The question in the case thus recurs to the question which was decided upon the former appeal, as to whether this action can be maintained; there having been no accounting between the partners of White, Griswold & Co. We are not convinced that we were wrong in the proposition which we then held. This note was not made by the partnership. It is not claimed that this defendant is now or ever was a member of this partnership. The provisions in the articles of partnership providing that the partnership should not be dissolved upon the death of a

single member of the firm did not make a residuary legatee of that member a member of the firm. It only authorized the continuation of the partnership by the surviving members, from which the estate of the deceased member could withdraw its share of the assets. After the partnership then had been dissolved as to the estate of John Babcock, this note was given by individuals interested in the assets of that firm, including this defendant. The parties were jointly liable upon the note. Prima facie, the payment by a part of the signers entitles them to contribution. It for the first time appears in this trial that defendant has been discharged as executrix of the will of John Babcock. It may be that the defendant, upon pleading and proving that upon a partnership accounting the plaintiffs were in fact indebted to her testator, might present a defense to the whole or a part of the plaintiffs' claim for contribution. No such defense, however, was presented, and upon the plaintiffs' pleading and proofs we are unable to see why they are not entitled to a judgment.

The judgment must, therefore, be reversed upon the law and the facts, and a new trial granted, with costs to appellants to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs, to appellant to abide event. All concur, except PARKER, P. J., dissenting, on the ground that the plaintiff's contract was that of a surety only, and therefore not subject to an action for contribution, and HOUGHTON, J., not voting, not being a member of this court at the time this decision is handed down.