LEE et al. v. LARKIN.

(Supreme Court, Appellate Division, Third Department.   March 11, 1908.)

1. PAYMENT—PRESUMPTIONS—BURDEN OF PROOF.
    Where a creditor accepts the obligation of a third party for a debt contracted contemporaneously, the presumption is that it was taken in payment, and the burden of proving the contrary rests upon him who asserts it, but the presumption is otherwise when the obligation is taken for a pre-existing debt.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, §§ 189–194, 198.]

2. SAME—NOTES—JOINT DEBTORS.
    The individual note of one of two joint debtors or partners will not operate as payment of the joint or partnership debt unless expressly so received, as the individual note thus given is treated the same as if the debtor should turn out to his creditor the note of a third party, nor is a return of the original note sufficient to change the presumption.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, §§ 74, 75.]

3. CONTRIBUTION—NATURE OF RIGHT—EQUITY.
    The doctrine of contribution is founded, not on contract, but on the principle that equality of burden as to a common right is equity, and the obligation to contribute arises from the nature of the relation between the parties.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contribution, § 1.]

4. SAME—PAYMENT OF DEBT—RENEWAL NOTES.
    Plaintiffs and defendant were makers of promissory notes. At the maturity of the notes defendant refused to go on new notes or pay his share of the liability, and the other makers gave their notes to the holders of the original notes, the original notes being returned. The holders of the notes were informed of defendant's refusal to pay or renew, and assented to carry the notes on payment of interest and small payments. Before the maturity of the notes, and before the payments thereon amounted to more than plaintiffs were liable for, an action was brought to compel defendant to contribute his share of the liability on the original notes. *Held* that, since it is a presumption that where an obligation is received for a precedent debt it was not taken in payment, and since no agreement was made as to the effect of the renewal notes, defendant was still liable on the original notes, and hence not liable to contribute.

Appeal from Trial Term, Saratoga County.

Suit for contribution by Stephen Lee and others against Charles E. Larkin. From a judgment entered on a nonsuit, plaintiffs appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Oscar Warner (John T. Norton, of counsel), for appellants.
L. B. McKelvey, for respondent.

JOHN M. KELLOGG, J. The plaintiff and others, including the defendant, were makers of certain promissory notes. At the maturity of the notes the defendant refused to go on new notes or to pay his share of the liability, and the other makers gave their notes to the banks holding the original notes, the original notes being returned to them in exchange for the new note. They informed the banks that the defendant would not go on new notes, and asked if they would arrange it to carry the notes along by paying the interest and something upon them. The banks assented and the transaction took place as stated. Before the maturity of the new notes, and without having paid them, this action was brought against the defendant to compel him to contribute his share of the original indebtedness. "The rule governing the subject is well settled. Where a creditor accepts the obligation of a third party for a debt contracted contemporaneously, the presumption is that it was taken in payment, and the burden of proving the contrary rests upon him who asserts it. Where, however, the obligation is received for a precedent debt, the presumption is that it was not taken in payment, and the burden of proof is shifted accordingly." Dibble v. Richardson, 171 N. Y. 131, 138, 63 N. E. 829, 831. "It is well settled that the individual note of one of two joint debtors or partners will not operate as payment of the joint or partnership debt, unless expressly received as payment. The individual note thus given is treated the same as if a debtor should turn out to his creditor the note of a third person." Claflin v. Ostrom, 54 N. Y. 581, 585. The return of the original note is not sufficient to change the presumption. Olcott v. Rathbone, 5 Wend. 491; Claflin v. Ostrom, supra; Bates v. Rosekrans, 37 N. Y. 409; First National Bank v. Weston, 25 App. Div. 414, 49 N. Y. Supp. 542.

The appellant relies with confidence upon Fitch v. Fraser, 109 App. Div. 440, 96 N. Y. Supp. 85, affirmed by the Court of Appeals without opinion, 188 N. Y. 605, 81 N. E. 1164. That case did not change the well-settled law upon the subject, but proceeded upon the theory that the renewal note had been actually paid before the trial. No question seems to have been raised upon the pleadings, and it is evident that the trial proceeded upon the theory that a payment after suit brought was as effectual as one before suit brought. In that case the action grew out of a liability of the defendant's testator and others as copartners, she having joined with the surviving partners in executing a note in settlement of certain obligations, which note was partly paid from copartnership property, and the other partners gave their individual notes for the balance of the note sued upon. All of the individual notes so given had not matured at the time of the

109 N.Y.S.—31

commencement of the action for contribution, but had matured and been paid before trial. The court says the defendant was no longer liable upon them, and she was held liable to contribute. That action arose out of partnership transactions, and it was claimed as one of the matters of defense that contribution could not be had until an accounting was had between the partners. The court evidently considered the action as one in equity, and treated the giving of the individual notes which were subsequently paid as an actual payment. "The doctrine of contribution is founded, not on contract, but on the principle that equality of burden as to a common right is equity. And the obligation to contribute arises from the nature of the relation between the parties." Aspinwall v. Sacchi, 57 N. Y. 331, 336.

We must therefore assume that in that equitable action for contribution, objection not having been raised that the renewal notes were paid after, and not before, action, the court considered the fact of payment, and not the time when the payment was made, determining the rights of the parties as they existed at the time of the trial. The case is not authority for the proposition that a note given by several joint debtors is extinguished by a renewal note given by a part of them, so that the parties signing the latter note may enforce contribution from the others before the renewal note is paid.

In this case the evidence shows that the renewal note was made as a renewal without any agreement as to its effect, and the law implies that it was not a payment of the former obligation. The defendant, therefore, still remains liable upon the original note, and cannot be compelled to contribute to the plaintiffs on account of their having signed a renewal note.

It is true that some interest and some small payments were made at the time the renewal notes were given, but no one is entitled to contribution until he has paid more than his share of the original indebtedness. The judgment should therefore be affirmed. All concur.