[No. 6888.]

PARKER ET AL. V. JOSLIN DRY GOODS CO.

1. SALE—*To one Person on the Credit of Another*—Merchant who sells goods to one person, upon the order and account of another, agreeing to look solely to the latter for payment, has no recourse upon the former—(241).

2. HUSBAND AND WIFE—*Liability for family expenses.*

Before sec. 3021 Rev. Stat. can be invoked, a primary obligation upon either the husband or the wife, for the debt sought to be charged against them, must be established.

Goods sold to the husband on the sole credit of a third person, are not a charge upon the family, though consumed in the family—(242).

*Error to Denver District Court*—HON. GREELEY W. WHITFORD, Judge.

Messrs. McKNIGHT & HENRY, Mr. L. F. CRAWFORD, Mr. MARVIN H. FARRINGTON, for plaintiffs in error.

Mr. THOMAS B. STUART, Mr. CHARLES A. MURRAY, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

The Joslin Dry Goods Company, a corporation. sued C. L. Hathaway and O. S. Parker to recover the price and value of certain goods, wares and merchandise, which it alleged it "sold and delivered to the defendants at their special instance and request." Thereafter, upon motion, the complaint was amended making Mrs. Jennie Parker, wife of O. S. Parker, a party defendant, and alleging that the articles sold "were a part of the expenses of the family of the defendants" Parker. Hathaway made no appearance, and the defense of the Parkers was, that, at the time of the purchase and delivery of the goods, the plaintiff agreed to, and did accept an agreement or order of Hathaway authorizing the purchase of the goods, and to hold Hathaway alone for the payment thereof. The facts are undisputed. Hathaway was the employer of O. S. Parker, and was indebted to the latter in a considerable sum for services rendered. It was arranged between the two that Hathaway should give Parker an order, so that the latter might make purchases where it was believed Hathaway had credit, and have the same charged to the latter's account. Thereupon Hathaway executed and delivered to Parker a writen instrument in the following words:

"Phone Main 8763.
      · THE C. L. HATHAWAY MACHINERY CO.
                1909-1911 New Haven St.
                          Denver, Colo., 12/21/07.
To Whom This May Concern:—

    This is to certify that O. S. Parker, the bearer, is authorized to make purchases for himself and have same charged to my account.
                    (Signed)   C. L. HATHAWAY."

    Parker presented the written instrument to, and thereon purchased of, the defendant in error the merchandise, the purchase price of which constitutes the subject of this controversy. When the order was presented, the representative of defendant in error stated to Parker that it was not their custom to sell goods to one man and charge to another, but because he had known Parker so long he would do so for him. The evidence further shows that defendant in error, prior to the acceptance of the order and sale and delivery of the goods, looked up Hathaway's account, and stated that "they would accept the order and look to" Hathaway alone for payment. The goods purchased were charged on the books of the company to Hathaway, and statements of account therefor made out in the name of, and presented to the latter, and upon his books the amount thereof charged against Parker.

    The cause was tried to the court without a jury, resulting, first in findings for the defendants Parker; and thereafter, upon a new trial to the court upon the same evidence, for the plaintiff and judgment accordingly.

    We think the transaction under consideration constituted Hathaway the debtor, and in no sense created an obligation against Parker. Plaintiff accepted Hathaway's

proposed agreement that if Parker was permitted to purchase goods for himself, Hathaway would pay therefor, and the goods were so purchased. There was no precedent debt; and the case comes under the rule, that when the obligation of a third person is received from the debtor by the creditor, at the time, when the debt is contracted, the presumption is that it was taken in payment.—*Noel v. Murray*, 13 N. Y. 167; *Youngs v. Stahelin*, 34 N. Y. 258, 265.

While such presumption may be overcome by evidence of an agreement to the contrary, all the facts and circumstances, in evidence here, strengthen rather than weaken such presumption. The case is clearly within the rule stated in *Camp & Compton v. Sadler*, 22 Neb. 732, 739, where it is said: "* * * if a party upon whom an order is drawn accepts the same and thereupon proceeds to pay the amount of the order to the person in whose favor it is drawn, the presumption is that the credit was given to the drawer of the order, unless the holder by some acts of his own renders himself liable, of which there is no proof in this case."

Plaintiff not only extended the credit to Hathaway and so entered it on its books, but was actually informed by Parker, before all the purchases were made, that unless they were so charged, Parker would get along without them. There is not the slightest evidence or circumstance in the case tending to show that the credit was extended to Parker, or that he would in any wise be held liable therefor.

Defendant in error contends, notwithstanding the acceptance of the order and the charge to Hathaway, that as the merchandise was used by the family of Parker and was, therefore, expenses of the family, §3021 R. S. requires affirmance of the judgment. The contention is

not. tenable. Before the statute, relied upon, can be in-
voked, there must be a primary obligation resting upon
either the husband or wife for the debt sought to be made
a. charge upon their property. If this were not the rule, a
family residing at a hotel might be held by the original
seller of the products constituting the food consumed
from the hotel table, for the purchase price thereof, by
reason of the mere fact of having eaten the food.

Under the undisputed facts disclosed by this record,
the judgment should have been for plaintiffs in error.
The judgment is, therefore, reversed, and the cause re-
manded.

*Judgment reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY con-
cur.