. ROSCOE CO. v. LINDNER et al.

(Supreme Court, Appellate Division, Second Department. December 24, 1914.)

PAYMENT (§ 19*)—SUFFICIENCY—ORDER ON THIRD PERSON.

Where a building contractor gave his creditor an order on the owner, which the owner accepted, payable when the house was finished, and the house was not built, there was no fund upon which the order could operate, and it did not discharge the debt.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 22, 23; Dec. Dig. § 19.*]

Appeal from Queens County Court.

Action by the Roscoe Company against Bertha Helena Lindner and John Lindner. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Winifred Sullivan, of New York City, for appellants.

Theo. T. Baylor, of New York City, for respondent.

THOMAS, J. An order was given by a building contractor on the owner for material furnished by plaintiff therefor. It was accepted by the owner, payable when the house was finished and delivered at a date mentioned. The order was given for a precedent debt, and the presumption is that it was not given in payment of the contractor's in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

debtedness to the materialman. ˙ Noel v. Murray, 13 N. Y. 167. There are no extrinsic facts tending to show that it was so received. The contract was not performed, as defendants would show, because the specifications required construction violative of the building code, although Lindner indicates some pecuniary embarrassment on his part. The owner ascribes the contractor's failure to pecuniary inability. In reality there could be no fund, but only a debt from the owner to the contractor, on which the order could and would operate, if it existed, as if it were a fund. But its existence could always be a subject of controversy, and when, as here, there was no performance, and the debt is merely one for breach of contract, it cannot be inferred that the parties to the order intended it, unless paid, to discharge the original indebtedness.

The judgment should be affirmed, with costs. All concur, except CARR, J., not voting.