BENJAMIN SIEGEL and Others, Plaintiffs, *v.* WILLIAM COBERT, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, March 10, 1939.

*Seymour Stone*, for the plaintiffs.

*Samuel Opperman*, for the defendant.

GENUNG, J. The plaintiffs seek to recover the sum of $340, a balance alleged to be due for merchandise sold and delivered. The defendant admits his liability to the extent of $140, but resists payment of the balance of $200 by pleading a discharge of the defendant's obligation by plaintiffs' acceptance of notes of a third party, one Robert Hochman.

The plaintiffs are dealers in furs and skins. The defendant is a fur manufacturer. The plaintiffs sold and delivered a quantity of furs and skins to the defendant of the agreed price and reasonable value of $400. The defendant used these skins in the manufacture of fur articles and sold them to one Robert Hochman. In payment of the $400 the defendant gave to the plaintiffs $15 in cash and two promissory notes in the sum of $200 and $185, respectively, which notes were executed by Hochman to the order of the defendant and indorsed by the defendant and transferred to the plaintiffs. The note for $185 has been paid. The note for $200 was not paid and was renewed and replaced by another note in the sum of $200, made by Hochman to the order of the plaintiffs. The original $200 note, bearing the defendant's indorsement, was returned. The second $200 note, too, was unpaid. Plaintiffs accepted in

place thereof a series of postdated checks of Hochman, which have not been paid. Plaintiffs now sue the defendant on his original indebtedness for the $200 balance of the merchandise sold and delivered to him.

The defendant urges that the receipt and acceptance by the plaintiffs of the note of the third party, Hochman, constituted payment to the plaintiffs of the defendant's original obligation. The plaintiffs claim that the receipt and acceptance of Hochman's note was not in payment but merely as security for payment of the original obligation, which the defendant is still obligated to pay because of the non-payment of Hochman's note.

The question as to whether or not the acceptance of Hochman's note was tantamount to payment or was only security is dependent upon the intention of the parties. There is no proof of any expressed agreement or expressed intention of the parties at the time of the receipt of Hochman's note.

In the absence of any expressed agreement or intent, the court must resort to and indulge in those presumptions of intent which have been established by a long line of decisions, one of the earliest of which is *Noel* v. *Murray* (13 N. Y. 167).

One of the cases most often cited on this question for its clarity in setting forth these presumptions is *Dibble* v. *Richardson* (171 N. Y. 131), in which the court said (on p. 138): " The rule governing the subject is well settled. Where a creditor accepts the obligation of a third party for debt contracted contemporaneously, the presumption is that it was taken in payment, and the burden of proving the contrary rests upon him who asserts it. Where, however, the obligation is received for a precedent debt, the presumption is that it was not taken in payment and the burden of proof is shifted accordingly. (*Noel* v. *Murray*, 13 N. Y. 167, 171; *Gibson* v. *Tobey*, 46 N. Y. 637, 640;; *Hall* v. *Stevens*, 116 N. Y. 201, 206; *Whitbeck* v. *Van Ness*, 11 Johns, 409.) "

Both parties to this action realize the importance of these presumptions. The plaintiffs argue that they accepted Hochman's note for an *antecedent* debt. The defendant contends that it was for a *contemporaneous* debt.

It is not disputed that the merchandise was delivered some time prior to the acceptance of Hochman's note. And this must necessarily be so, because of the lapse of time required by the defendant to manufacture plaintiffs' skins into fur articles, which were then sold and delivered to Hochman in return for his notes. Despite this lapse of time, the defendant urges that the original sale and delivery of the furs and skins by the plaintiffs to the defendant was not consummated until the acceptance by the plaintiffs of

Hochman's notes. In support of this contention he urges that the plaintiffs' furs and skins were originally sold "on memorandum" only and it was not intended that the sale of the skins to the defendant be considered complete until the plaintiffs had received Hochman's notes given in payment of the articles manufactured from plaintiffs' furs.

In *Noel* v. *Murray* (*supra*) the Court of Appeals indicated that the test as to whether or not the acceptance of a third party's obligation was contemporaneous with the creation of the original indebtedness was whether it was intended that title to the property involved pass contemporaneously with the acceptance of the third party's obligation. The court said (on pp. 170, 171): "When did title pass? * * * The fair construction of the evidence, including what is said in the pleadings, is that the plaintiffs were not to part with the title to their property until the matter of payment had been arranged. The sale was not completed so as to pass the title until the matter of payment was arranged; and that was at the time the note was delivered and the money paid. The sale and delivery and payment were to be simultaneous acts. Thus understood, there was no precedent debt; and the case comes under the rule, that when, at the time of the sale and delivery of goods, the vendor receives from the vendee the note of a third person for the price, the presumption is, that he takes it in payment."

In my opinion, it was intended that the title to the merchandise sold by the plaintiffs to the defendant should pass prior to the acceptance of Hochman's note. If this were not so, the defendant could not pass title to the articles manufactured from plaintiffs' furs and skins to Hochman and receive in return therefor his note. The passing of title of plaintiffs' merchandise to the defendant was a prerequisite to the passing of title to the manufactured articles to Hochman.

The court is, therefore, of the opinion that Hochman's notes were given to plaintiffs in payment of an *antecedent* debt. Therefore, there was a presumption that the parties intended that Hochman's notes be accepted only as security for the payment of defendant's obligation. Further evidence of this intention is found in the fact that Hochman's notes were not made payable directly to the plaintiffs but to the defendant who indorsed the notes prior to their delivery to the plaintiffs.

The importance of defendant's indorsement is demonstrated by the case of *Hall* v. *Stevens* (116 N. Y. 201). In that case the Court of Appeals stressed the failure of the defendant to indorse the third party's note in determining that the acceptance of the third party's note was intended as payment of the original obligation. The

court (on p. 209) said: " We think that the plaintiff failed to meet the burden of proof cast upon him by the conceded facts of the case. As said by the court in *Gibson* v. *Tobey* (46 N. Y. 637, 643): ' If the plaintiff had not intended to have received the draft in payment, he would have said so, or required an indorsement.' And in *Whitbeck* v. *Van Ness* (11 Johns. 409, 414) ' it was made payable to the plaintiff himself, and the defendants, by not indorsing it, or guaranteeing the payment, clearly declined pledging their own responsibility.' "

It might be urged that the return of Hochman's note bearing the defendant's indorsement and the acceptance of the renewal note of Hochman without the defendant's indorsement carried sufficient probative force to overcome the presumption that Hochman's note was accepted only as security for defendant's indebtedness.

The courts, however, have held that the surrender and return of the original note is not sufficient to change the presumption. In *Garfield National Bank* v. *Wallach* (223 App. Div. 303) the plaintiff held a note of H. Kashins Company which bore the personal indorsement of the defendant. This note was renewed by the acceptance of a note by H. Kashins Company *without* the defendant's indorsement. The court said:

" There was no evidence affirmatively establishing this renewal as a payment. The taking of a renewal note does not operate to extinguish the earlier note in the absence of an intention to do so. It was, therefore, the burden of the defendant to establish that the intention of the bank was to accept the new note in payment of the old. The note was not accepted by plaintiff under any express agreement to extinguish the earlier note. * * *

" The fact that the October note was surrendered and marked paid is inconclusive as indicating that this note was accepted in payment of the old one.

" Cancellation and surrender alone of an old note do not effect payment thereof where a renewed note is given, under many New York cases and a considerable number of the authorities in foreign jurisdictions."

In *Lee* v. *Larkin* (125 App. Div. 302) the court held that the acceptance of the individual note of one of two joint debtors will not operate as payment of the joint indebtedness. The court further indicated that the giving of the individual note is considered the same as if the debtor had delivered the note of a third party. The court said:

" ' It is well settled that the individual note of one of two joint debtors or partners will not operate as payment of the joint or

partnership debt, unless expressly received as payment. *The individual note thus given is treated the same as if a debtor should turn out to his creditor the note of a third person.*' (*Claflin* v. *Ostrom,* 54 N. Y. 581, 585.) *The return of the original note is not sufficient to change the presumption.* (*Olcott* v. *Rathbone,* 5 Wend. 491; *Claflin* v. *Ostrom, supra; Bates* v. *Rosekrans,* 37 N. Y. 409; *First National Bank* v. *Weston,* 25 App. Div. 414.) " (Italics supplied.)

If the return of the note bearing defendant's indorsement and the acceptance of Hochman's unindorsed renewal note is insufficient to overcome the aforementioned presumption, then it must follow that the acceptance by the plaintiffs of Hochman's checks, too, was insufficient to overcome this presumption. Since the presumption that Hochman's notes were accepted only as security for defendant's indebtedness has not been successfully overcome, the plaintiffs are entitled to a recovery for the full amount demanded in the complaint.