### T. E. ELLSWORTH

*v.*

### A. E. HARMON.

*Filed at Springfield June 20, 1881—Rehearing denied January Term, 1882.*

1. GUARANTY—*when guarantor is liable.* A party guarantied the payment of a promissory note and coupons before their delivery, the note running for five years, with interest payable semi-annually, but containing a clause that if default should be made in the payment of principal or interest, or any part thereof, for the space of ten days, then, on the election of the holder, the whole note and all arrears of interest should become due, and the whole was declared due for default in the payment of interest, and the guarantor, who was also trustee in a deed of trust given to secure the note, was authorized to sell the mortgaged premises for the full amount of the debt, which he did, but struck the property off to the creditor without any authority to do so; the creditor refused to accept the deed made by the trustee, and assigned the note to the plaintiff, who brought suit in his own name upon the guaranty: *Held,* that the plaintiff was entitled to recover.

2. TRUSTEE'S SALE—*sale to one without authority, is void.* Where the creditor in a deed of trust directs the trustee to sell for the entire debt due, but sends no bid or authorizes any to be made for him, a bid by the trustee in the creditor's name is without authority, and the making of a deed for the property to the creditor, and recording the same, will not affect his rights if he does not accept the deed, and no title will pass.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of· error to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

This was an action of assumpsit, brought by T. E. Ellsworth, against A. E. Harmon, in the Champaign circuit' court, to the March term, A. D. 1880, upon his guaranty of a promissory note. The note was executed by John Bauer, on January 1, 1877, and made payable to Lucy M. Shoemaker, in the sum of $2000, five years after its date, with interest at ten per cent, payable semi-annually, evidenced by coupons; and it provided that if default should be made in the payment of principal or interest, or any part thereof, for the space of ten days, then, on the election of the holder of the note, the whole of the principal and arrears of interest should become due. This note was secured by a trust deed, in which Harmon, the defendant, was trustee. The defendant, before the delivery of the note, guarantied its payment by an indorsement on the same, as follows:

"For value received, I hereby guarantee the payment of the within note, and coupons thereto attached, to Lucy M. Shoemaker, her heirs and assigns, and agree to collect the same free of charge to her or to them.    ·

Feb. 12, 1877.    .    A. E. HARMON."

About the 8th of July, 1878, the defendant wrote to the plaintiff, who was then acting as the agent of the payee in the note, that Bauer had made default in the payment of interest. The plaintiff, in reply, wrote to the defendant that the legal holder of the note elected to declare the principal and arrears of interest due, and authorized him to sell the property for the full amount thereof. The defendant thereupon advertised, and sold the property on August 19, 1878. The trustee bid for Mrs. Shoemaker the amount due on the

note and coupons, and costs of sale, and struck the same off to her, and made a deed to her, which he had recorded and then transmitted to her. This deed was some time afterwards returned to the defendant, and notice given that the holder of the note relied on his guaranty, and did not wish to invest in lands. The proof further showed that the defendant assured the plaintiff that he would be able to make a sale of the property in a short time, and realize the money.

Mrs. Shoemaker having indorsed the note to the plaintiff, he brought this suit upon the guaranty, and a trial was had before the court, without a jury. The court found the issues for the defendant, and rendered judgment accordingly, which judgment was affirmed by the Appellate Court, and the case is brought here by writ of error.

The Appellate Court found the facts substantially as stated above, and that said note and coupons were secured by a deed of trust; that upon the election of the payee to declare the whole debt due for default in the payment of the interest, the payee requested the defendant, as trustee, to proceed at once and foreclose the deed of trust; that thereupon he advertised and sold the property in the trust deed, but that, in making such sale, the defendant, without any direction or authority from the payee, who was then the legal holder of said notes and coupons, struck the same off to her for the full amount of the debt, with the accrued interest thereon, and the costs of the sale, and made out, and signed, sealed, acknowledged and delivered to the payee, a deed conveying the property in the trust deed to her, and after having the same recorded, transmitted it to the plaintiff, who was then the agent of the payee, and that said deed was not accepted by the payee, but after being retained by the plaintiff, pending certain correspondence relative thereto, until October 3, 1878, the plaintiff returned said deed to the defendant. The court further found, that afterwards the payee assigned the note and coupons to the plaintiff, and that the payee had never

reconveyed or tendered a reconveyance of the premises to the defendant, other than the return of the deed.

Mr. E. L. SWEET, for the plaintiff in error.

Mr. J. S. WOLFE, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The only question here presented is, whether the plaintiff can maintain this action, on the facts as found by the Appellate Court. No reason is perceived why plaintiff below should not have judgment against the guarantor for the amount due upon the note. By the terms of the note it is shown to be due. By the previous rulings of this court the assignment of this note carried with it the guaranty, and vested in the assignee of the note a right to sue upon the guaranty, in his own name. The bidding by the trustee in the name of the creditor, at the sale, was without authority. The deed made by the trustee to the creditor was not accepted, and the making and recording thereof, by the trustee, did not affect the rights of the creditor,—no title passed by the deed. If the defendant, or any one else, needs that cloud upon the title removed, a court of chancery can afford relief. The creditor, however, can not be delayed in the collection of the debt by reason of such embarrassment.

The judgment of the Appellate Court is reversed, and the cause remanded for further proceedings in accord with this opinion.

*Judgment reversed.*