Wis.]                AUGUST TERM, 1898.                193

The Tidioute Savings Bank vs. Libbey and others.

THE TIDIOUTE SAVINGS BANK, Respondent, vs. LIBBEY and
others, Appellants.

THE FIRST NATIONAL BANK OF ESCANABA, Respondent, vs.
SAME, Appellants.

*September 24 — November 22, 1898.*

*Guaranty, general or special: Inures to the benefit of holder of security
guaranteed.*

1. An instrument whereby L. and others "in consideration of one dollar
to each of them in hand paid, and in consideration of the granting
of credit and discount by W. T. R. & Co. to the F. & L. Co.," guar-
anteed "to the said W. T. R. & Co., their heirs, executors, adminis-
trators, and assigns, the payment of any and all indebtedness now
due or hereafter to become due" to them, growing out of or occa-
sioned by any act of said F. & L. Co., is *held* to be a general, con-
tinuing guaranty, which inured to the benefit of any parties to
whom W. T. R. & Co. subsequently transferred notes of third per-
sons which the F. & L. Co. had discounted with them.

2. One who purchases a note which is secured by a general guaranty is
entitled to the benefit of such guaranty, though he buys in igno-
rance thereof.

APPEALS from judgments of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

In the month of February, 1895, and for a long time prior
thereto, the firm of W. T. Rickards & Co. was engaged in
the business of banking, and the purchase and sale of com-
mercial paper and securities, at Chicago, Illinois. On Feb-
ruary 25, 1895, the defendants executed and delivered to
said firm a written guaranty of the following tenor: "For
and in consideration of the sum of one dollar to each of us
in hand paid, and in consideration of the granting of credit
and discount by W. T. Rickards & Co., of Chicago, Illinois,
to the Farson & Libbey Company, a corporation of Chicago,
Illinois, we, for ourselves, and for our heirs, executors, ad-
ministrators, and assigns, do hereby jointly and severally

guaranty to said W. T. Rickards & Co., their heirs, executors, administrators, and assigns, the payment of any and all indebtedness now due, or hereafter to become due, to said W. T. Rickards & Co., their heirs, executors, administrators, or assigns, growing out of or occasioned by any or through any act or acts of the said Farson & Libbey Company. It is further agreed that such guaranty shall remain in full force and effect in respect to all indebtedness or renewals thereof now existing or hereafter to accrue, growing out of any and all transactions originating prior to the time a notice in writing of the cancellation of this guaranty, signed by either of the undersigned, shall be received by said W. T Rickards & Co. It is provided, however, that the undersigned shall not be liable under this guaranty for an amount to exceed the sum of twenty thousand dollars ($20,000). The undersigned hereby waive notice of the acceptance of the guaranty and of the amount of the indebtedness existing from time to time from said Farson & Libbey Company to said W. T. Rickards & Co."

This guaranty was in full force at the time of the purchase and discount by W. T. Rickards & Co. of the notes hereinafter mentioned. On September 11, 1895, the City Sash & Door Company executed and delivered to the Farson & Libbey Company its promissory note for $885.11, due in four months. On October 7, 1895, under and pursuant to the said contract of guaranty, the Farson & Libbey Company sold and indorsed said note to Rickards & Co. for value, and, in writing on the back thereof, guaranteed the payment thereof at maturity, or at any time thereafter, with interest at seven per cent. On October 31, 1895, Rickards & Co. sold said note to the *Tidioute Savings Bank*, the plaintiff in one of said actions, who took it without notice of the existence of the written guaranty of the defendants to Rickards & Co. The note was presented for payment, duly protested, and notice given. At the date of the trial there was found

to be due thereon the sum of $527.30, for which judgment was ordered against the defendants, and from which judgment this appeal was taken.

The facts in relation to the case of the *First National Bank of Escanaba* against these defendants are the same, except that it is founded upon a note of the Suburban Lumber Company to the Farson & Libbey .Company, dated October 26, 1895, for $1,217.90, due in four months. This note was purchased by Rickards & Co. on November 15, 1895, and sold to the bank November 18, 1895. At the time of the sale to the bank, it had notice of the defendants' written guaranty mentioned, and relied upon the· same in making the purchase of said note. The amount found due thereon at the trial was $1,223.83, for which judgment was ordered for the bank.

These notes were sold by Rickards & Co. in the due course of business, and no formal assignment of the defendants' guaranty was made in either case. These actions are brought by the holders of each of said notes against the defendants, as makers of said written guaranty. The defendants have appealed from the judgments in favor of the plaintiffs, and the sole question is whether they are liable on said guaranty to the present holders of said notes.

For the appellants there was a brief by *Barbers & Beglinger*, and oral argument by *Fred. Beglinger*. They argued, among other things, that the guaranty in question in this case is a personal contract with Rickards & Co., imposing trust and confidence,— a special guaranty and security only to them. *Evansville Nat. Bank v. Kaufmann*, 93 N. Y. 273; *Everson v. Gere*, 40 Hun, 248; *Birckhead v. Brown*, 5 Hill, 634; *McLaren v. Watson's Ex'rs*, 26 Wend. 425; *McNaughton v. Conklings*, 9 Wis. 317; *Lowry v. Adams*, 22 Vt. 160; 9 Am. & Eng. Ency. of Law, 76; Brandt, Suretyship & G. (1st ed.), § 97. It is executory and involves duties and obligations on both sides. It is *strictissimi juris*, and unless its words

include the plaintiff the defendants are not bound. *Barnes v. Barrow*, 61 N. Y. 39.

For the respondents there was a brief by *Thompson, Harshaw & Thompson*, and oral argument by *J. C. Thompson*.

BARDEEN, J.   A guaranty is defined to be "a separate, independent contract, by which the guarantor undertakes, for a valuable consideration, to be answerable for the payment of some particular debt, or future debts, or the performance of some duty, in case of the failure of another person primarily liable to pay or perform;" and it is said that such guaranty is assignable, with the obligation secured thereby, and that it goes with the principal obligation, and is enforceable by the same persons who can enforce that. Colebrooke, Collateral Securities, § 253; *Ellsworth v. Harmon*, 101 Ill. 274; *Claflin v. Ostrom*, 54 N. Y. 581; *Stillman v. Northrup*, 109 N. Y. 475; *Everson v. Gere*, 122 N. Y. 290; *Lane v. Duchac*, 73 Wis. 655; *W. W. Kimball Co. v. Mellon*, 80 Wis. 143.   The rule is that the transfer of a note carries with it all security without any formal assignment or delivery, or even mention of the latter. *Carpenter v. Longan*, 16 Wall. 271; *Croft v. Bunster*, 9 Wis. 503.   A general guaranty is one open for acceptance by the public generally.   A special guaranty is limited to the person to whom it is addressed, and usually contemplates a trust or reposes a confidence in such person.   Such a guaranty may not be assignable until the right of action has arisen thereon.   *Jex v. Straus*, 122 N. Y. 293, distinguishing *Evansville Nat. Bank v. Kaufmann*, 93 N. Y. 273.   The main contention of the defendants in the present case is that the guaranty upon which the action is founded is special, and limited to W. T. Rickards & Co., and was not available to the plaintiffs, their assignees.   We do not think that the construction of the guaranty in question can be thus fairly restricted.   We think that the guaranty, except as expressly limited by its terms,

was a general, continuing one.  The defendants executed the contract of guaranty "in consideration of the sum of one dollar to each of us in hand paid, and in consideration of the granting of credit and discount by W. T. Rickards & Co. to the Farson & Libbey Company," in which the defendants were jointly and severally interested as owners of all or of a large proportion of the capital stock thereof, and in whose success they were, and each of them was, particularly and financially interested.  In other words, they gave the guaranty to secure the indebtedness on which the action is founded, for the benefit and advantage of a company in which they were themselves thus interested.  The Farson & Libbey Company were anxious to realize on the notes in suit; took the same to W. T. Rickards & Co., and negotiated, sold, and delivered the same to that company; and it granted to said Farson & Libbey Company credit, discounted such notes, and paid it therefor the full value and amount thereof, less interest and brokerage.  The transfer of these notes to the plaintiffs carried with it, by operation of law, all securities for their payment.  The debt is the principal thing, and the securities are only an incident.  The transfer of the former, therefore, carries with it the right to the securities, and amounts to an equitable assignment of them.  No matter what the form of the security is, whether a real-estate or chattel mortgage, or a pledge of collateral notes, bonds, or other personal property, the purchaser of the principal takes with it the right to resort to these securities; and this is so, although the assignment or transfer does not mention them.  The reason of this rule, within all the authorities, seems to be that when the mortgagee transfers the debt, without assigning the mortgage or other security, he becomes a trustee, and holds the security for the benefit of the owner of the note, and the latter may enforce the trust.  The debtor is in no wise injured by such rule.  He has agreed that the security shall stand for the payment of the debt, and it is of

The Tidioute Savings Bank vs. Libbey and others.

no consequence to him to whom it is paid. He has to pay it but once.

The guaranty is to pay any and all indebtedness to said W. T. Rickards & Co., their heirs, executors, administrators, and "assigns," incurred by Farson & Libbey Company. It is said that the word "assigns" means substantially nothing in this connection; that it is a mere formal phrase. We cannot so regard it. It either means that the defendants were to guaranty this paper in the hands of any assignee of Rickards & Co., or it means absolutely nothing. Rickards & Co. were bankers and brokers. Their business was dealing in commercial paper, both buying and selling it, all of which defendants well knew. Their purpose in giving this guaranty was to give to the Farson & Libbey Company a credit of $20,000 with these brokers. It was perfectly natural, therefore, that the brokers desired to have this paper protected, not only in their hands, but in the hands of their customers. We conclude, therefore, that this phrase was an apt one to express the real intention of the parties, and that it means precisely what it says. Rickards & Co. hold the security for these notes in trust, and the purchasers of the notes are entitled to enforce the trust. The guaranty was given for the payment of these notes, among others, and, within the rule of the authorities, it would seem that the purchasers from Rickards & Co. have the right to resort to the guaranty.

The fact that the *Tidioute Savings Bank* did not know of the existence of this guaranty at the time it purchased the City Sash & Door Company note is of no significance. The securities pledged for a debt follow it, in equity, no matter how the debt be modified or into whose hands it may come. Until the debt is paid, the pledge accompanies it, and remains for its payment, and is available to all who may acquire title thereto. Colebrooke, Collateral Securities, § 79; *Stearns v. Bates*, 46 Conn. 306. The guaranty in question was given to secure the payment of any and all indebtedness

due, or thereafter to become due, to Rickards & Co., or their *assigns,* "growing out of or occasioned by any or through any act or acts of the said Farson & Libbey Company." The defendant used apt words to make the guaranty impersonal, so far as the holders of the debts so created are concerned.   They executed and delivered a contract as security for all the debts created by the Farson & Libbey Company to Rickards & Co. within the amount limited, which became an incident to each such debt, and which passed to the bank *pro rata,* upon its purchase of the note, even though it may not have known of its existence at that time.  *Keyes v. Wood,* 21 Vt. 331; *Evertson v. Booth,* 19 Johns. 486.   To require the defendants to pay these notes is but to require them to fulfill their promise.   It entails no hardship and creates no obligation beyond the plain tenor of their contract.

The argument that the guaranty was personal with Rickards & Co., as imposing special trust and confidence in the members of that firm, falls of its own weight.   A bare reference to the paper itself would seem to dispel any such illusion.   The case of *Evansville Nat. Bank v. Kaufmann,* 93 N. Y. 274, falls far short of sustaining their contention.

On the whole case, the conclusion of the trial court meets with our entire approval.

The greater portion of this opinion was prepared by Mr. Justice PINNEY before his sickness and resignation.   To him credit is due accordingly.

*By the Court.*— The judgment of the circuit court in both cases is affirmed.