## Farmers Trust Co. v. John F. Schenuit.

1. PROMISSORY NOTES—*Presumptions as to Performance of Conditions Attached.*—Where a promissory note contains conditions, and is executed in a foreign State, but made payable in this State, the presumption is that its conditions were made with reference to the law of this State.

2. SAME—*Presumptions as to Assignments Made in Other States.*— Our courts will presume that the assignment of a promissory note was made in conformity to the law of the place where made, and will so hold in the absence of a plea and proof to the contrary.

3. FOREIGN LAWS—*When Relied on as Defenses.*—When a foreign law is relied upon, either for the prosecution or defense, the law must be pleaded and proved.

4. INDORSEMENT—*Defined.*—Indorsement means a writing upon the back of a bill or note, and though such is its import, it may be made on the face of the bill or note, or on a separate paper, called an *allonge,* and any form is sufficient which manifests an intention to transfer the note.

5. WAIVER—*Of Notice of Transfer of a Promissory Note.*—Where, by the terms of a guaranty upon a promissory note, the guarantor is entitled to written notice of its transfer, such notice is waived by the acceptance of payments in person of the interest coupons attached to the note by the transferee.

Assumpsit, on a promissory note. Trial in the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 26, 1899.

**Statement of the Case.**—This is an action in assumpsit upon a promissory note and guaranty, which are as follows:

"No. 759.                                          $450

OAKDALE, NEBRASKA, April 27, A. D. 1889.

On the first day of May, A. D. 1894, without grace, for value received, we promise to pay, with exchange on New York, to the order of the Farmers Trust Company, at its office in Chicago, Illinois, the principal sum of four hundred and fifty dollars ($450), with interest thereon from date until maturity, at the rate of seven per cent per annum, payable semi-annually, on the first day of May and November in each year, according to the tenor and effect hereof, and of the interest notes hereto belonging of even date herewith, and to the terms and conditions of the mortgage or trust deed securing the same. If any part of the principal or interest is not paid when due, it shall bear interest thereafter until paid, at the rate of ten per cent per annum, payable semi-annually, and if any interest remains unpaid ten days after it becomes due, or in case of failure to comply with any of the requirements of the mortgage or trust deed, given to secure the payment of this note, the principal and accrued interest shall, at the election of the holder hereof, become due and collectible, by suit or otherwise, forthwith, or at any time thereafter, without further notice, as fully as though made payable on demand.

Principal and interest are secured by a mortgage or trust deed duly recorded in Wheeler county, Nebraska, which is a first lien upon real estate appraised at $1,200.

It is expressly agreed and understood that this note and interest, with the mortgage or trust deed securing the same, shall be construed under the laws of the State of Nebraska.

Patrick Dwyer.<br>Mary E. Dwyer."

" For value received, the Farmers Trust Company hereby assigns this note to ———, or order, with recourse, as follows, viz. :

First. It guarantees the payment of the coupons attached hereto at the maturity thereof.

Second. It guarantees to collect, at its own expense, and to pay over the principal hereof at maturity, provided the same is paid by the maker.

Third. In the event of default being made by the maker it guarrantees to collect, at its own expense, and to pay over the principal thereof, within two years from the maturity of the same, and to pay interest thereon at the rate of seven per cent per annum, payable semi-annually, until the principal is paid.

Provided, that if at any time the said Farmers Trust Company shall notify the legal holder of this note of its desire to repurchase the same by paying the amount due thereon, with accrued interest to date of repurchase, and any disbursements made for the collection of the same, the said holder shall, within thirty days thereafter, tender the said note with a proper assignment of the mortgage or trust deed securing the same to the said Farmers Trust Company, at its office in Chicago, Illinois, for sale upon the terms aforesaid. But in case the said holder shall elect not so to do after such offer of repurchase, then this contract shall terminate and said Farmers Trust Company shall be released from all former liability hereon. And provided further, that if this note shall be transferred, written notice of such transfer shall be given to said Farmers Trust Company within twenty days thereafter.

In witness whereof the said Farmers Trust Company has caused its corporate seal to be affixed hereto and these presents to be signed and delivered by its president this 2d day of July, A. D. 1889.

Farmers Trust Company,<br>Per R. Sayer, Prest."

{ Farmers Trust Company<br>Seal.<br>Sioux City, Iowa. }

Nearly three years prior to the maturity of the note, appellee Shenuit became the owner thereof. He collected from appellant all semi-annual interest coupons from November 1, 1891, to May 1, 1894, inclusive. They were paid by appellant, and were still in its hands at the time of trial. Seven interest payments were made by appellant, the last November 10, 1894, six months after the maturity of the note. Subsequent payment of interest was refused by appellant, who refused also to pay the principal after the expiration of two years from maturity of the note.

This suit is brought specifically upon the third clause of the above guaranty.

KERR & BARR, attorneys for appellant, contended that an indorsement must be, as the word itself indicates, on the back of the note, and the legal title can not be transferred by a separate instrument in writing. Ryan v. May, 14 Ill. 49; Badgely v. Votrain, 68 Ill. 25; Barrett v. Hinckley, 124 Ill. 32; Packer v. Roberts, 140 Ill. 671.

CRATTY, JARVIS & CLEVELAND, attorneys for appellee.

Where an instrument sued upon is a complete contract in itself, conditions, provisos and matters of defeasance contained in a separate instrument, although executed contemporaneously, are matters of defense which the defendant must plead and prove. The note, assignment and guaranty make a complete contract in themselves, and if the mortgage contained any matter of defense, appellant should have pleaded and proved it. Chitty on Pleadings, Vol. 1, 223, 310; Byles on Bills, 101.

The note, although dated in Nebraska, being made payable in Illinois, is to be governed, as to the assignment and guaranty thereof, by the laws of Illinois. No proof of the laws of Nebraska was required of appellee. If appellant desired to rely upon any laws of Nebraska, he should have pleaded and proved the same like any other matter of defense. Chumasero v. Gilbert, 24 Ill. 293; Miller v. Wilson, 146 Ill. 523; Smith v. Whittaker, 23 Ill. 367; Bonnell v. Holt, 89 Ill. 71; Crouch v. Hall, 15 Ill. 263; Mason v.

Dousay, 35 Ill. 424; Hyman v. Bayne, 83 Ill. 264; 1 Chitty on Pleadings, 216; 1 Robinson's Practice, 230; Roosa v. Crist, 17 Ill. 450; Lowy v. Andreas, 20 Ill. App. 521; Scudder v. Bank, 91 U. S. 406; Skelton v. Dustin, 92 Ill. 49; Abt v. Am. Tr. & Sav. Bank, 159 Ill. 467 and cases cited; Hakes v. Bank, 165 Ill. 275.

In the absence of any showing to the contrary, the law of Nebraska is presumed to be the same as that of Illinois. Chumasero v. Gilbert, 24 Ill. 293; Deem v. Crume, 46 Ill. 69; Smith v. Whittaker, 23 Ill. 367; Hall v. Kimball, 58 Ill. 58; 1 Daniel on Negotiable Paper, 4th Ed., 891; Byles on Bills, 7th Ed. (Sharswood), 408; Hakes v. Bank, 164 Ill. 275.

Where a question in a sister State is peculiarly a common law question, the presumption here is that the common law is in force in that State. Tinkler v. Cox, 68 Ill. 119; Wilson v. Miller, 42 Ill. App. 332; Crouch v. Hall, 15 Ill. 264; Lipe v. McClevy, 41 Ill. App. 59; Miller v. McVeagh, 40 Ill. App. 532; Van Ingen v. Brabrook, 27 Ill. App. 401; Belford v. Bangs, 15 Ill. App. 76.

A promissory note may be assigned by the payee writing his name upon the back of the note, or on its face, or on a paper attached, or in any manner upon the original paper or any attached paper wherever it may be most convenient, and so written as to show an intention to transfer the note. Herring v. Woodhull, 29 Ill. 96; Chitty on Bills, 227; Story on Promissory Notes, 121; 1 Daniel on Negotiable Instruments, 688; Byles on Bills, 7th Ed., 15; Crosby v. Roub, 16 Wis. 645.

The blank assignment need not be filed with appellee's name as assignee. Doing so would be mere matter of form. Fairbanks v. Campbell, 53 Ill. App. 216; McHenry v. Ridgley, 2 Scam. 309; Condon v. Bruse, 58 Ill. App. 254; Mac-Pherson Bank v. Velde, 49 Ill. App. 21; Weston v. Myers, 33 Ill. 424.

A guaranty of a note operates also as an assignment of the legal title. A guaranty of a negotiable note passes with the assignment thereof, and inures to the benefit of any ·

subsequent taker.   Webster v. Cobb, 17 Ill. 459; 1 Brandt on Suretyship, Sec. 47, and cases;   Childs v. Davidson, 38 Ill. 438;   Judson v. Gookwin, 37 Ill. 286.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant first contends that the note should not have been admitted in evidence, without production also of the mortgage.

It must be borne in mind that this suit is not against the maker of the note and mortgage, nor is it sought to recover under the terms and conditions of either.   It is a suit upon the contract made subsequently.   Whatever the terms and conditions of the mortgage may be, the appellant undertook, by its contract of guaranty, to collect at its own expense and pay over the principal of the note in the event of default.

If appellant desired the production of the mortgage upon the ground that it may have contained provisions contradicting the note as to time or place of payment, it could have obtained and offered it in defense upon proper notice. The note is complete in itself, and no such defense was set up by plea nor by offer of proof.

Appellant urges that as the note is by its terms to be construed under the laws of the State of Nebraska, it was necessary for the plaintiff to aver and prove that it was assignable under the laws of that State.

The assignability of a note is not a question of construction of the instrument itself, and we do not understand the provision referred to as applicable to the assignability or negotiability of the note.   The note is by its terms made payable in this State.   The contract was to be performed here, and it must be presumed that upon a question of this character the parties contracted with reference to the law of this State.   Abt v. American Trust and Sav. Bank, 159 Ill. 467.

If by the laws of Nebraska the note was not assignable or negotiable, the appellant, if it desired to avail itself of such a defense, was bound to so plead and prove.   When a

foreign law is relied upon either for recovery or defense, the law must be pleaded and proved.   Chumasero v. Gilbert, 24 Ill. 293.

It was not relied upon in this case for recovery, and it was not necessary to set it up in the declaration.   If we assume, for the sake of the argument, that such may be the law of Nebraska, and that the defense would be available, then it was the duty of appellant to plead the statute relied upon.   Where a party sues upon a note which he holds as an assignee under an assignment which, neither by the pleading nor the proof, is shown to have been made in a foreign State, we will not presume that it was so made, and that by the laws of such State the note is not negotiable or assignable merely because the note itself is by its terms to be construed according to the laws of such foreign State. Our courts will presume that the assignment was made in conformity to the law of the place of its execution, wherever that may have been, and will hold, in the absence of a plea and proof to the contrary, that the defendant admits the legality of the assignment.   Smith v. Whitaker, 23 Ill. 367.

It is said that the assignment and guaranty attached to the note, and upon the same sheet of paper, are not sufficient to vest the legal title in the appellee.   The contention is that as the guaranty is not on the back of the note, it is not an indorsement, and is therefore a separate instrument, and as such is not assignable.

The assignment and guaranty in this case are not upon a paper separate from the note.   They are upon the same paper.   Appellant, by such writing, "assigns this note to ——or order," with the guaranties which follow.   The intention to transfer the note by this assignment upon the note itself is perfectly clear and is unquestioned.   It must be given effect according to such intent.   In Herring v. Woodhull, 29 Ill. 92, the indorsement was on the face of the note. The court, by Justice Breese, says:

"Literally, indorsement, means a writing—indorse—upon the back of the bill or note.   But it is well established that though such is its import, it may be made on the face of the bill, and numerous indorsements may be made on a separate

paper called an *allonge*. And any form is sufficient which manifests an intention to transfer the note." See cases cited.

In Crosby v. Roub, 16 Wis. 645, it was held that a bond written on a separate paper, but attached to the note, was fully sufficient to pass the legal title within the law merchant; and that there is not any inflexible rule of the mercantile law requiring the indorsement to be on the identical paper on which the note was originally written.

In the case before us, however, the appellant transferred the note by an assignment and guaranty of collection and payment upon the identical paper containing the note, and there can be no room for doubt that thereby the title passed to the legal holder. The statute provides that such note "shall be assignable by indorsement thereon, so as absolutely to transfer and vest the property thereof in each and every assignee successively." Rev. Stat., Chap. 98, Sec. 4. We regard the statute as substantially complied with by this indorsement, and hold that it is not a separate instrument.

The indorsement is, so far as the name of the payee is concerned, in blank. The legal effect, therefore, was " to make the note payable to the person to whom it is delivered, and any subsequent holder." Fairbanks v. Campbell, 53 Ill. App. 219.

It is said in Webster v. Cobb, 17 Ill. 549 :

" The guaranty is general, specifying no person to whom the guarantor undertakes to be liable, and is upon the back of a negotiable instrument. In such case the guaranty runs with the instrument on which it is written and to which it refers, partakes of its quality of negotiability, and any person having the legal interest in the principal instrument, takes in like manner the incident, and may sue upon the guaranty. This view is consistent with the nature of the transaction, the evident intention of the parties, and the objects and uses of commercial paper."

To the same effect is Ellsworth v. Harmon, 101 Ill. 274.

It is urged that the note was improperly admitted in evidence, because appellant did not show written notice to appellee within twenty days after the transfer to him, and that hence he can not maintain suit on the guaranty in his

own name. The evidence tends to show that appellee received the note from a banking house of one Haerther, but whether the latter received the note from appellant originally, or in what capacity, whether as purchaser for value or as agent of appellant to dispose of it, does not appear. For aught that appears, appellee may have received the paper direct from appellant through its agent.

The interest coupons, however, were presented to appellant, some of them, at least, by appellee in person, and the secretary of appellant, testifies that the company did have notice of appellee's claim to the paper. The latter testifies that appellant paid interest to him "seven times, beginning in 1891." The payment of these interest coupons was specially guaranteed in the first clause of the guaranty. Having actual notice of appellee's interest, and complying with the terms of the guaranty by paying the coupons during all that time without objection, appellant must be held to have waived any right to now object upon the sole ground that such notice was not in writing, nor given within twenty days.

The objection that appellee did not deliver the note to appellant for collection, is not, we think, well taken. Appellant guaranteed to collect at its own expense. If it had undertaken in good faith to do so, and appellee had then interposed unnecessary obstacles, or prevented collection by withholding the note and mortgage, a different case would have been presented.

Other objections are urged, but we find no error in the judgment of the Circuit Court, and it will be affirmed.