PLUMBING CO. v. HALL.

(Filed November 22, 1904).

1. CONTRACTS—*Damages—Evidence—Harmless Error.*

On an issue as to failure to properly perform a contract to install a water system in defendant's house the admission of evidence concerning a dam built by plaintiff to collect the water was, if erroneous, harmless, where there was nothing to show that the defective condition of the dam caused the failure of the water supply.

2. CONTRACTS—*Evidence.*

Where a company contracts to place a water system in a residence, evidence by an expert that sickness was caused by defects in the construction thereof is competent on the question of the failure of the company to properly perform the contract.

ACTION by the Carolina Plumbing and Heating Company against Saidy Hall, heard by *Judge W. R. Allen* and a jury, at October Term, 1904, of the Superior Court of MECK-LENBURG County. From a judgment for the defendant the plaintiff appealed.

*W. F. Harding,* for the plaintiff.
*Osborne, Maxwell & Keerans,* for the defendant.

MONTGOMERY, J. This action was brought to recover a balance alleged to be due by the plaintiff for installing a cold and hot water system in the house of the defendant. It is alleged in the complaint that the contract between the parties was that the plaintiff was to install a cold and hot water system, including bath and bath-room fixtures, and also to install a hydraulic ram for the purpose of forcing water into the tank at the house; that the plaintiff was to furnish material for installing the water system and for installing the

hydraulic ram, all to be done in a workmanlike manner, and that the plaintiff performed well its part of the contract. The defendant denied that the contract was properly performed on the part of the plaintiff, and she set up in her answer a counter claim against the plaintiff for damages by reason of its failure to comply with the contract.

Two points only are raised on the appeal, and they apparently concern questions of evidence; but one of them goes to the nature of the contract itself. The witness, Toomey, who was the plaintiff's agent, on cross-examination testified that he built the dam to be used in collecting the water for the purpose of supplying and running the ram, the ram furnishing the power to drive the water into the house, with trees, rock and dirt. The plaintiff objected to any evidence about the dam. Her position was that the contract made no mention of the dam, that it was no part of the contract that the plaintiff was to build a dam, and that therefore all evidence concerning the dam was irrelevant and incompetent. So far as it appears to us from the case on appeal, the evidence was not injurious to the plaintiff, even if it had been irrelevant. There was nothing going to show that the dam, even if it was in a faulty condition, caused the failure of the water supply. But if it had appeared that a defect in the construction of the dam was the cause of the failure of the plant to supply water to the house the evidence was competent. The contract was that the water system should be installed. The system was to produce a flow of water into the house. The installation of the water system included the apparatus and accessories after the same had been constructed and arranged for practical working. When the plaintiff agreed to install the water system and also to install a hydraulic ram for the purpose of forcing water into the tank, it in substance and in effect agreed to put to a practical test the furnishing of water to the ram in order that re-

sults might be shown.    It was not bound to keep the dam in good condition and repair.    But, besides, the proper construction of a contract is very often aided by the interpretation the parties themselves put upon it.    The plaintiff here construed the contract between it and the defendant to mean that it was its duty to build a dam to collect the water to be used by the ram, and went to work and built the dam.

The second assignment of error related to the admission of the evidence of Dr. Thompson, an expert witness.    There was evidence in the case that several persons living in the house with the defendant, but not of her immediate family, had suffered with malarial disorders.    Dr. Thompson testified that he noticed odors from the bath-room, that there was dampness in the house, that there were mosquitoes, and that in his opinion that caused the sickness.    The plaintiff insisted that that evidence was incompetent because the defendant was not entitled to recover damages on account of the sickness of persons who were not of her immediate family, and not even parties to the suit.    But the evidence was not offered or received for that purpose.    The testimony of the witness Thompson was substantive evidence going to prove that the construction of the water system was defective. It was competent for the purpose.

No Error.