Civil action to recover on a written guaranty for merchandise shipped by plaintiffs to The Caswell Manufacturing Company, New Bern, N.C. during the months of November and December, 1923.
Plaintiffs are New York merchants and were doing business with The Caswell Manufacturing Company, a corporation with its principal place of business at Kinston, N.C. during the year 1922, and prior thereto. In the spring of 1922 the defendants executed to the plaintiffs a paper-writing or writings guaranteeing to the plaintiffs the payment of certain indebtedness due or to become due by the said "Caswell Manufacturing Company," as designated in one guaranty of $2,000 and "Caswell Manufacturing Company, Inc., Kinston, N.C." as named in another guaranty of $5,000.
It is admitted that the corporation, the debts of which the defendants guaranteed, was regularly dissolved 12 July, 1923.
The account for which plaintiffs seek to hold the defendants liable on their written guaranties, is for goods shipped by plaintiffs to "Caswell Manufacturing Co., of New Bern, North Carolina," during the months of November and December, 1923.
It seems that A. A. Silverstein, who managed the corporation, "The Caswell Manufacturing Company," in Kinston, opened a business in New Bern under the trade name, "Caswell Manufacturing Company," some time after the dissolution of the corporation in Kinston. The defendants were stockholders in the Kinston corporation, but they had no interest in the New Bern business of A. A. Silverstein.
Upon the foregoing facts, which are admitted or not controverted, the court, being of opinion that the defendants were not liable to the plaintiffs on their guaranties, entered judgment as in case of nonsuit, from which the plaintiffs appeal, assigning error.
after stating the case: We agree with the trial court that the guaranties of the defendants, given to secure the debts of the Kinston corporation, in which the guarantors were interested, cannot be held, on the facts of the present record, to cover the obligations of a business in *Page 105 
New Bern, conducted under a similar name, in which the defendants had no interest. S. v. Bank, 193 N.C. 524, 137 S.E. 593.
A guaranty for the default of one person or firm is not to be extended to cover the default of another, in the absence of some provision or stipulation clearly importing such extension. 12 R. C. L., 1066; Note 19 L.R.A. (N.S.), 901.
Affirmed.