## Steiner v. Girard Trust Company, Trustee, and Fink.

*Frank Rogers Donahue*, for plaintiff; *Harry W. Steinbrook*, for defendant.

LEWIS, J., June 14, 1929.—The plaintiff, by her bill in equity, seeks to compel the defendants to turn over to her a collateral bond which the defendant

Fink delivered to the Girard Trust Company under the circumstances set forth in the following findings of fact, which are taken from the bill and answers:

1. On Nov. 29, 1922, Frank Steiner (husband of the plaintiff) and Samuel Weisberg were the owners of No. 2102 West Norris Street, Philadelphia, and as such they executed a mortgage on said premises in the sum of $7000 in favor of Central Trust and Savings Company of Philadelphia.

2. Subsequently, they conveyed the premises subject to the mortgage on Jan. 24, 1924; the property, subject to the mortgage, was conveyed to Annie Morgan, sister of the defendant Fink.

3. Shortly thereafter, the mortgagee called the mortgage, but the Girard Trust Company, trustee under the will of Irene Adams Seltzer, accepted an assignment of the bond and mortgage from the Central Trust and Savings Company of Philadelphia, at the same time receiving from the defendant Fink, whose sister was still record owner of the property, the bond in question.

4. Subsequently, the defendant Fink became the owner of the property and continued to be such until the foreclosure of the mortgage by the plaintiff in this case. The plaintiff, mortgagee, bought the property in at the sheriff's sale for $50.

5. Recently, the Girard Trust Company, trustee, called the mortgage for payment, but, upon being paid in full by the plaintiff, executed to her an assignment, in the usual form, of the mortgage and "also the Bond or Obligation in the said Indenture of Mortgage recited, and all Moneys, Principal, and Interest, due and to grow due thereon. . . . Together with all Rights, Remedies and Incidents thereunto belonging. And all its Right, Title, Interest, Property, Claim and Demand in and to the same." No mention is made in the assignment, nor was anything said verbally at the time of the transaction, about the bond executed by Fink.

6. The Girard Trust Company returned to Fink his bond, but several days later the plaintiff, having learned of the bond, demanded delivery of it to her.

### Discussion.

In her bill the plaintiff prayed discovery of the terms of the bond. In his original answer the defendant Fink denied her right to the information, but, upon being ordered so to do, filed an amended answer, attaching a copy of the bond, which we now have before us. It is an ordinary form of mortgage bond, the condition of which is the payment by the obligor unto Girard Trust Company as trustee, "its and their certain Attorney, Successors, or Assigns," of the amount of the mortgage, to wit, $7000, at the expiration of three years from Nov. 29, 1925. The bond also contains, in writing, the following provision: "This bond is given to secure the payment of a certain other bond and mortgage dated the twenty-ninth day of November, 1922, and the mortgage recorded at Philadelphia in Mortgage Book J. M. H., No. 2796, page 370, etc., secured upon premises situate on the South side of Norris Street, at the distance of nineteen feet six inches Westward from the West side of Twenty-first Street, in the said City of Philadelphia, which said bond and mortgage by assignment dated the twenty-seventh day of October, 1925, and intended to be forthwith recorded, was granted and assigned unto the said Girard Trust Company, Trustee aforesaid, its successors and assigns, said premises being in the Thirty-second Ward of the said City of Philadelphia and said bond and mortgage is for the sum of Seven Thousand Dollars ($7000)."

The plaintiff is relying upon the general rule, about which there can be no question, that an assignment of a debt or of a bond and mortgage carries with

it all securities held by the assignor for the same debt, unless it is otherwise expressly agreed. Statements of the proposition are to be found in numerous authorities, from which we quote only a few:

"In cases of assignments of a debt where the assignor has collateral securities therefor, the assignee will be entitled to the full benefit of such securities unless it is otherwise agreed between the parties. Thus, for example, the assignee of a debt secured by a mortgage will be held in equity entitled to the benefit of the mortgage:" 3 Story, Equity Jurisprudence (14th ed., 1918), § 1410, page 66.

"In Beaver Trust Co. v. Morgan, 259 Pa. 567, Mr. Justice Stewart said: 'When the Peoples National Bank purchased from the Monaca Bank the obligation of the Jacks, it acquired as well, by operation of law, whatever was pledged for its payment, the same to be held and used, however, for no other purpose than that for which it had been originally pledged. A purchase of a debt is a purchase of all the securities for it, whether named or not at the time of the assignment, unless expressly agreed at the time they shall not pass:' Foster v. Fox, 4 W. & S. 92."

Likewise, in Edwards v. Bay State Gas Co., 184 Fed. Repr. 979 (Cir. Ct. D. Del., 1911), it is stated: "It is a general rule that, in the absence of an agreement to the contrary, the assignee for value of a note, bill, judgment, decree or other evidence of indebtedness, for the payment of which the assignor holds collateral security, is in equity entitled, by virtue of the assignment to him of the principal obligation or evidence of indebtedness, to the collateral as such, although not named in the instrument of assignment, and regardless of his knowledge or lack of knowledge of the existence of such collateral." See, also, 2 Elliott on Contracts, § 1455, page 724; 4 W. H. Page, The Law of Contracts (1920), § 2266; 1 Williston on Contracts (1920), § 432, page 819; Craig v. Parkis, 40 N. Y. 181; Tidoute Savings Bank v. Libbey, 101 Wis. 193.

So far as assignments of mortgages are concerned, we find authorities to the same effect. Thus, in the recent (8th) edition of 2 Jones on Mortgages, § 1052, page 468, it is stated: "In general, it may be said that an assignment of a mortgage is an assignment of all the securities which the assignor holds against the mortgagor or others for the same debt, and not merely of the claim against the mortgagor. It transfers any judgments that may have been obtained against indorsers or others. It passes, also, a mortgage given as collateral security to the mortgage debt assigned."

And likewise in 41 Corpus Juris, § 696, page 681: "Except as is otherwise agreed, the assignment of a mortgage will invest the assignee with all the rights, powers and equities possessed by the mortgagee at the time of the assignment, including the benefit of any collateral undertaking, obligation, or security, which constitutes a part of the mortgage security. . . ."

In Stillman v. Northrup, 109 N. Y. 473, the court said: "But it is well settled that the assignment of a bond and mortgage carries with it the guaranty of payment or collection, although not mentioned in the assignment. The transfer of the debt to the plaintiff carried with it, as incident thereto, all the securities for its payment."

The argument made on behalf of the defendant Fink is that the obligation undertaken by him was one to the Girard Trust Company alone, and one of which the plaintiff can take no advantage. It would seem that there might be something in support of this. In other words, the original transaction was put through on the basis of the bond executed by Steiner and Weisberg, together with the mortgage on the property. Subsequently, it was arranged to have the Girard Trust Company take over the mortgage, and in doing so it

required Fink to execute his bond to it. We have nothing in this record, however, to indicate that the undertaking of Fink to the Girard Trust Company was in any way a "personal contract," by which is meant that Fink undertook merely to see that the Girard Trust Company was paid. If this were the fact, we would be of the opinion that the plaintiff would not be entitled to receive the bond under the assignment. In 41 Corpus Juris, § 696, page 681, immediately after the quotation given above, it is said that "a contract of a strictly personal nature does not pass with the mortgage." Likewise, in 2 Jones on Mortgages, § 1053, page 469, it is stated: "The assignment of mortgage does not carry with it a separate contract of guaranty of the payment of the mortgage debt, if this is strictly a personal engagement, and.it is construed to be such when it is made to the holder of the mortgage by name, 'his executors and administrators.' The surety is not holden beyond the precise terms of his contract, and these words, in their plain and natural import, do not signify any intention to indemnify any one but the person to whom it was given. This person having put it out of his power to receive payment, the purpose of the guaranty is accomplished and the guarantor is discharged. A guaranty is not generally a negotiable contract."

Here, however, as before stated, we have nothing which so limits Fink's undertaking. The bond is made in favor of the Girard Trust Company, trustee, and its successors and assigns, and it is specifically stated as being given "to secure the payment of a certain other bond and mortgage."

On the record before us, therefore, we see no escape from the operation of the general rule, under which plaintiff is entitled at least to have the bond delivered to her. We have given a great deal of consideration to the argument earnestly made by counsel for Fink, in which he points out that if recovery is permitted on the bond, we will have the anomalous situation in which the wife of one of the original mortgagors has both the land and the money. Here, again, we do not know whether the plaintiff is acting for or in any manner in behalf of her husband, in which case it is possible that there has been an extinguishment of the mortgage debt. It was stated orally at the argument that the plaintiff purchased the mortgage with funds of her own. We do not feel that we can go into these matters under the record as it is now made up. Such consideration might have a bearing if and when the plaintiff seeks to hold the defendant on his bond.

Point is made of the fact that this collateral bond was not given at the time of the creation of the mortgage, but was given subsequently. We see no particular force in this, unless it might be as a circumstance to show that it was a personal contract in favor of Girard Trust Company, but, as pointed out, there is nothing in the record to substantiate this possibility. The bond was given at the time the Girard Trust Company acquired the mortgage, and later, when it executed the assignment, all of the securities held by it as assignor passed. This is all we decide upon this bill and answer, merely that plaintiff is entitled to the bond. As to whether, under all of the circumstances, there is a defense to the bond when sued upon, we make no conclusions whatsoever.

### Conclusions of law.

1. The bond executed by Fink and delivered to the Girard Trust Company was not an undertaking in favor of the Girard Trust Company alone, but ran to Girard Trust Company and its assigns.

2. When the Girard Trust Company assigned to the plaintiff the bond and mortgage securing the debt of $7000, she became entitled to all collateral held by the Girard Trust Company as payment for the bond, in the absence of a

specific agreement to the contrary. The fact that the plaintiff did not know of the existence of the Fink bond, and the further fact that no specific mention is made of it in the assignment to the plaintiff, are immaterial.

### Decree nisi.

And now, June 14, 1929, upon consideration of the foregoing case and under the facts established in the pleadings, it is ordered, adjudged and decreed as follows:

1. That the defendant, Arthur I. Fink, shall deliver to the plaintiff, Celie Steiner, the bond executed by him (under date of Oct. 27, 1925) in favor of Girard Trust Company, trustee under the will of Irene Adams Seltzer, deceased.

2. The costs of this proceeding shall be paid by the defendants, Girard Trust Company and Arthur I. Fink.

Notice of the foregoing decree nisi shall be given to the parties or their counsel, and if no exceptions thereto are filed within two days from the receipt of such notice, the decree is to be made final.