ED. HUGH LEE, ADMINISTRATOR OF ED. HUGH LEE, JR., v. CAVENESS
PRODUCE COMPANY.

(Filed 20 November, 1929.)

1. Pleadings D a—Where pleadings liberally construed allege cause of action demurrer thereto will be overruled.

Upon a demurrer the pleadings are liberally construed in the light most favorable to the pleader, and where there are conflicting allegations, and one of them is sufficient to allege a cause of action, the demurrer thereto will not be sustained. C. S., 535.

2. **Highways B h—In this case held: allegations of complaint were sufficient to state cause of action for actionable negligence.**

Allegations in the complaint liberally construed that the defendant's driver of its truck, acting within the scope of his employment and in furtherance of his master's business, stopped the truck he was driving on a dangerous place on the highway on the top of a hill near a curve in the road, at night, that he turned off the rear light of the truck and turned it on again when he heard an automobile approaching, and that the plaintiff's intestate was guiding a car being towed by the car heard by the driver of the truck, and that the light on the truck was turned on too late for the intestate to see the danger and guide his car in safety behind the lead car: *Held*, the allegations of actionable negligence against the defendant are sufficient as against a demurrer.

APPEAL by defendant from *Harris, J.*, at Second June Term, 1929, of WAKE.

Civil action to recover damages for an alleged wrongful death caused by a collision between the car in which plaintiff's intestate was riding and the defendant's truck.

The material allegations of the complaint, so far as essential to a proper understanding of the legal question involved, may be abridged and stated as follows:

1. That plaintiff is the duly appointed administrator of the estate of Ed. Hugh Lee, Jr., deceased; and that the defendant is a corporation engaged in transporting by trucks goods, wares and merchandise over the highways of the State.

2. That on the night of 6 December, 1928, plaintiff's intestate and a colored man by the name of Joe Williams, went out in a Buick roadster to tow in a Dodge sedan automobile belonging to plaintiff's intestate.

"That they arrived at Auburn about 4:30 a.m., and secured the said Dodge car to the rear of said Buick roadster by a towing chain, leaving an interval between the two cars of about 12 feet; that the said Williams then got into the Buick car and plaintiff's intestate got into the Dodge car which was to be towed, and said parties proceeded with said cars on highway No. 10 in the direction of Smithfield, N. C.; that the said Williams, while driving in a careful and prudent manner on a stretch of road which was practically straight, at a speed somewhere around 25 miles an hour, when in about 4 miles of Smithfield, suddenly saw the red rear light of defendant's truck flash into view; that at this time the car driven by said Williams was within 50 to 75 yards of the said light; that the said Williams could not instantly tell whether said truck was moving or not, but he immediately began to reduce his speed as much as was practical, taking into consideration that he was towing another car, and proceeded to turn to the left in order to avoid said light.

"That when within 25 or 35 yards of said red light the bulk of the truck suddenly came into view, extending 7 or 8 feet in the air above said red light and projecting over the hard surface road to the extent of something like 4½ feet; that the said Williams thereupon continued to turn to the left and passed the end of said truck, projecting into the road, by a margin of 2 or 2½ feet.

"That plaintiff's intestate, who could not see the light of the truck, the same being hidden by the Buick car, was unable to follow directly in the path of the car driven by Williams by reason of the fact that he did not have sufficient time to make the turn in the same manner and to the same degree as was done by the said Williams; that the car being guided by plaintiff's intestate crashed into the rear of defendant's said truck, and plaintiff's intestate was instantly killed."

3. "That the point at which the agent and servant of defendant company had stopped his truck is on a slight curve and something like 200 yards on the Raleigh side from where the said highway No. 10 makes an abrupt turn to the left and curves over a steep hill; that the said Williams was aware of the fact that he was approaching a dangerous curve on a hill and, not knowing exactly how close he was to said curve, was well over on the right side of the road at the time when he first saw the red light of defendant's truck, knowing that a towed car might be difficult to manage if he met a car speeding towards him and coming over said hill and around said curve."

4. "That defendant's truck was loaded with produce belonging to defendant, which defendant's servant was conveying to certain points in Eastern North Carolina; that said driver had stopped the truck at a point he knew to be dangerously close to an abrupt curve coming over a steep hill a short distance in front of him allowing the rear of said truck to project upon the hard surface a distance of more than 4½ feet, and had cut out the lights on said truck and only turned the same on when he heard the approach of the car driven by the said Williams and not before said car had arrived within a distance of 50 to 75 yards from where he had parked said truck."

5. "That plaintiff's intestate met his death, as hereinbefore set forth, by reason of the careless, negligent and wanton conduct of defendant's said agent and servant, in that:

"(a) He parked said truck in such a manner that the rear of the same protruded over the hard surface road for a distance of more than 4½ feet, occupying at the time of the death of plaintiff's intestate, more than half of the right-hand side of said road.

"(b) After parking said truck, as hereinbefore described, he cut off his lights and failed to turn the same on until the car driven by Williams was within 50 to 75 yards of said truck, thus rendering it impos-

sible for the said Williams and plaintiff's intestate to avoid the collision between the car being towed and the said truck.

"(c) Defendant's said servant parked his truck at a dangerous point in the road by reason of a sharp curve coming over a steep hill a short distance in front of him, well knowing that the position in which he had parked his truck added greatly to the risk of a collision between his said truck and a towed car going in the same direction his truck was headed."

6. That plaintiff has been damaged in the sum of $50,000.

A demurrer was interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, or that upon the facts stated in the complaint, the death of plaintiff's intestate as a matter of law, was the direct and proximate result of the negligence of Joe Williams, agent and servant at the time of plaintiff's intestate.

From a judgment overruling the demurrer, the defendant appeals, assigning error.

*Pou & Pou and Jno. W. Hinsdale for plaintiff.*
*Clyde A. Douglass for defendant.*

STACY, C. J. The plaintiff alleges, as we understand his complaint, that the defendant's truck was parked on the side of the road, partly on the hard surface, in the night time, without any lights burning, in violation of C. S., 2615, and that this condition continued—the lights not being turned on by the defendant's servant in charge of the truck—until it was too late for Williams, in the exercise of reasonable care, to pass in safety with both the lead car, which he was driving, and the car that was being towed, in which plaintiff's intestate was riding. Thus, it is alleged, in effect, that the plaintiff's intestate was killed by the negligence of the driver of defendant's truck while acting in the scope of his employment and in furtherance of the defendant's business. The complaint, therefore, is good as against a demurrer. *Misenheimer v. Hayman,* 195 N. C., 613, 143 S. E., 1.

We have not overlooked the allegation set out in paragraph 2 above, and stressfully urged as fatal by the defendant, to the effect that plaintiff's intestate could not see the light of the truck because of the Buick car, and was unable to follow directly in the path of the car driven by Williams, by reason of the fact that he did not have sufficient time to make the turn in the same manner and to the same degree as was done by the said Williams. But this allegation, taken in connection with others appearing in the complaint, we apprehend, may be interpreted in a light favorable to the plaintiff, even if it also be susceptible to a contrary interpretation. Nor have we failed to observe that in one place plaintiff alleges the truck was "stopped on a slight curve," while in

another he says that Williams was driving "on a stretch of road which was practically straight."

When a case is presented on demurrer, we are required by the statute, C. S., 535, to construe the complaint liberally, "with a view to substantial justice between the parties," and in enforcing this provision, we have adopted the rule "that if in any portion of it or to any extent it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn or however uncertain, defective and redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader." *Dixon v. Green*, 178 N. C., 205, 100 S. E., 262.

The demurrer interposed by the defendant was properly overruled. *S. v. Bank*, 193 N. C., 524, 137 S. E., 593.

Affirmed.